Gaston, Judge,
 

 having stated the case as above, proceeded as follows: Upon the hearing, the right of the plaintiff to an indemnnity from the defendant, to the extent of the decree made against the plaintiff for the hire of the negroes while held by the defendant under the agreement, has not been contested; but it was insisted that the plaintiff might have
 
 *301
 
 enforced this indemnity, by an action at law upon the that the bond was in the hands of the defendant, by his mission, and might have been had at any tune, upon his demand; and that this being a case where a plain and adequate remedy could have been had at law, it was not one proper for the cognizance of a Court of Equity: that 1 * a defect of jurisdiction appears at the hearing, the court will no more make a decree than where a plain want of Equity appears: and that therefore the bill ought to be dismissed.— nAi , . .. , , . _ , . 4 he objection thus urged, is not, properly speaking, because of a
 
 defect
 
 of jurisdiction. A defect of jurisdiction exists where courts
 
 oí particular limited
 
 jurisdiction undertake
 
 1 a
 
 to act beyond the bounds of their delegated authority,
 
 (Green v. Rutherforth,
 
 1 Ves. 471;) or where a Court of general jurisdiction passes upon subjects which, the Constitution or laws of the country, are reserved for exclusive consideration of a different judicial or political bunal, as where the Court of Chancery in England undertakes to determine cases belonging solely to the cognizance . , o » j o of the King in council.
 
 Penn
 
 vs.
 
 L'd Baltimore,
 
 1 Ves. 446. In these, and in cases like these, there is a plain
 
 defect
 
 The exercise
 
 oí
 
 power here would be pation, for no of juiisdietion. _L Ul
 
 jJ\J
 
 >V C/JL LIVjl .J 1VULUU LÍOLIJ--consent of parties can confer a jurisdiction withheld by law; and the instant that the court perceives, that it is exercising, or is about to exercise, a forbidden or nil-granted power, it ought to stay its action; and, if it do not, such action is, in law, a nullity. But the objection here urged, is, that the court
 
 ought not
 
 to exercise jurisdiction over a subject upon which it can lawfully act, because the ■exertion of its extraordinary powers is not necessary for the purposes of justice. And, certainly, it is a general rule, that where a plaintiff can have as effectual and complete a remedy in a Court of Law, as that for which he invokes the aid oí a Court of Equity — a remedy, direct, certain, and quate — the defendant may insist that this remedy shall be sought for in the ordinary tribunal. But there is also a general rule that this objection to the exercise of jurisdiction, ought to be taken in due order, and apt time; for, if it be one which the party may waive, it will be deemed to
 
 *302
 
 have been waived by failure to bring it forward to the notice of the court,
 
 in limine.
 
 The objection not only has not been taken upon the pleadings in this cause, but the defendant has expressly submitted to the,jurisdiction of the court, by praying of it to decide upon the question of his liability. After this submission on his part, the objection must be regarded as one not of s.trict right, but addressed to the sound discretion of the court. But the objection is, in our opinion, unfounded. The plaintiff has a right, without waiting for actual loss, to call on the defendant to indemnify him against impending injury, and, to that extent, enforce the specific execution of the agreement between them. He shews this injury to be imminent, for he alleges a decree against him, to pay the hires of the negroes to the next of kin of Joseph Duckworth; but it nowhere appears that the decree has been satisfied; and until it be, he has sustained no
 
 loss,
 
 and can maintain no action at law upon the bond. Moreover, the bond was in the possession of the defendant, and the plaintiff had a right to come into equity for an exhibition of it, and for such relief there, as, upon its exhibition, might be deemed just. True, the defendant avers, and this averment must be taken to be true, that the plain tiff; before filing his bill, did not make demand for its production; but he does not aver that it was ready to be produced, had it been demanded. The failure tojnake^this demand will have its proper weight, when we come to consider of the costs of the suit, but it does not
 
 per se
 
 oust the court of the right to decree its exhibition. The motion to dismiss the bill is therefore overruled.
 

 
 *301
 
 A (lefi.ct of (iXlStSWllCl'C courts of a ristJ oli°" undertake to actbe-bounds'of iiuR-deie-quted au-thorny; or UI,UQ by l!"vs°t the country«are reseived for sl'ye consid-10,1 oí a (i’flcrcntju d¡o>a¡ or tribunal,
 

 Mo crnsent of i)arti;s juiisdietion ia,v'handby tt{|®t‘"j;tant court per-kisexel-ris-ercise, a fot- £ ’{0,1: *tay its ac-_ it°dó not,' a nulliY-
 

 
 *302
 
 The report of the Master, to which no exception has been taken on either side, sets forth the amount wherewith the plaintiff was charged, in the suit of the next of kin of Joseph Duckworth, (in which suit the present plaintiff and defendant were both parties — defendants,) because of the hire of the negroes while in the hands of the defendant, deducting therefrom that portion which the defendant claimed before him, as the holder of the share of Benjamin Duckworth, and finds the balance, with the interest to the 1st of March, 1838, to be $587:20. The report further states that the defendant denies this amount to be due, and insists that
 
 he
 
 ought to have
 
 *303
 
 a credit for-f357:37$, and interest thereon — being the amount of commissions allowed the plaintiff, as executor of Joseph Duckworth, in the said suit, because of the plaintiff having transferred to him all the plaintiff’s interest as executor in that estate. The Master does not pass upon this claim, but submits its validity to the Court. This mode of reporting is objectionable. The Master should decide according to his best judgment upon all the matters of mutual claim and charge brought before him, and report his final conclusion
 
 — '-j
 
 ■» thereon, affording to the parties an opportunity of having that judgment reviewed for error upon specific exceptions. the report, such as it is, has been confirmed; neither party has prayed for a re-hearing of the order of confirmation, but both have argued before us the special matters so reserved by the Master for the consideration of the Court. We have, there-
 
 4
 
 . lore, proceeded to ascertain the right m relation thereto.
 

 lt ¡s tionabietor up0n a ref-hi.m>t0 <le-cline Dass~ ingupon a- & its validity ’^hou'id decide, according to his best judgment, upon ail the mufuaf ° and brought_ andreport ’ elusion thereon, p“t™py"0 having that c.ifio exoeP-
 

 Upon looking into the exhibits accompanying the report, it is manifest that the defendant is in a great error with respect to the amount of the commissions which, in the referred to, were allowed to the plaintiff. The decree of the Court in that suit was grounded mainly on an account taken by auditors, wherein the present plaintiff was debited with the hire of the negroes for the years 1829, 1830, and 1831; and credited therein, altogether, with the sum $323:88.1. This
 
 credit
 
 was made up of various items — one was for $175 — being the hire of the negroes for 1829, and the interest thereon, which was
 
 deducted
 
 as set forth in fendant’s answer, because of Benjamin Duckworth’s expenses in resisting certain suits affecting the title to the negroes. Other items are for debts of the testator paid by the plaintiff, and for debts due to him- — and the whole amount of commissions allowed as a credit to the plaintiffs in that account, is but $30:50. The account appears to have been afterwards corrected, by allowing the defendant credit for errors in estimating the amount of debts paid by him, and' charging him with the amount of the hire from January to August 1832, so as to make the»
 
 total
 
 amount of credits on the account $387:37$; but no farther sum was allowed as commissions, on the administration of his testator’s estate, since the death
 
 *304
 
 of Mrs. Duckworth. We are of opinion that the defendant is entitled to the benefit of these commissions, because, in they" are charges against the estate, for the collection of the hires of the negroes while held by him and Benjamin Duckworth; whom, it is found by the report, the defendant represents. It would be contrary to the fair exposition of the agreement of the plaintiff and the defendant, that the plaintiff should derive
 
 profit
 
 from the defendant’s agency. All that he is entitled to is, exemption from loss — this correction being made, the plaintiff is entitled to a decree for the balance. It appears that in the suit referred to, there was a decree that the negroes should be sold; and the plaintiff was appointed by the Court, a commissioner for that purpose. The Master’s report does not fairly present the question; but, it has been contended here, that the defendant ought to be allowed, in account with the plaintiff, a credit for these commissions. We think not. These were allowed to the plaintiff, not as executor, but as commissioner. But, even if they had been allowed to him as executor, we construe the instrument exhibited, not as a transfer of the office of executor from the plaintiff to defendant — {a transfer which, by law, could r.ot be made,) — but as an agreement that the defendant might hold the negroes and receive the hire thereof,
 
 until
 
 they were to be surrendered for distribution. — and the sale took place after they were thus surrendered.
 

 Very evidently, the claim advanced in the answer, and which has not been pressed on the hearing, that the defendant should have delivered over to
 
 him
 
 the proceeds of the sale, made under the decree for distribution, is unfounded.
 

 The Master is to be allowed $10, for taking the account, and as it does not appear to us that any demand was made on the defendant for a settlement, or for a production of the 'obligation, before this bill was filed, we direct the
 
 costs
 
 of taking that account to be paid equally by the plaintiff and defendant; and as to the other costs, that each party shall pay his own respectively.
 

 Per Curiam. Decree accordingly.