Pearson, C. J.
 

 This Court does not concur jp opinion with his Honor on the point upon which he saw proper to have the case put in tjie Court below.
 

 The lease was, in express terras, one from
 
 “
 
 month to month.” To* a plain mind, the process of reasoning by which such a lease could be converted into a tenancy from year to year, and thereby make six months notice necessary, before either party could determine the relation of landlord and tenánt, would not readily occur.
 

 Mr. Winston
 
 took the position that the courts favor tenancies from year to year, and that in this case, such a holding would be inferred, from the fact, that the defendant entered in December, 1856, and continued in possession up to January, 1859. This position is not tenable.
 

 The fallacy of the argument grows out of a failure to distinguish between a lease at will, or a tenancy at will, which the courts incline to convert into a tenancy from year to year, and a lease like that under consideration, which, in so man}7 words, is one from month to month.
 

 A tenancy at will may be determined by either party on short notice- — -that is, reasonable time for the tenant to pack up and leave.
 

 A tenancy from year to .year can only be determined by six months notice prior to the expiration of the current year, which notice must be given either to the landlord or the tenant, as the case may be, in order to determine the relation. The latter, therefore, is the better relation for both parties— for the landlord, because he will have six months’ time to look out another tenant — for the tenant, because he has that time to look out another place; and this conduces to the public good by having all premises occupied and kept in cultivation. Upon these considerations, where there is a tenancy at will, in the first instance, if the possession continues for more than one year, inasmuch as the parties have not fixed on any pre
 
 *432
 
 cise time, the courts incline to imply, from the fact of entering under the second year, that the holding is to be from year to year.
 

 This reasoning, however, has no application to a case like ours, which was, in the first instance, a tenancy from month to month. ,
 

 In respect to a tenancy from month to month, whether a full month’s notice should be given, or half a month’s notice would be sufficient, we are not called on now to decide. In
 
 Doe v. Hazelly
 
 1 Esp. 94, and in
 
 Doe
 
 v.
 
 Raffan,
 
 6 ibid. 4, it is held that in a tenancy from week to week, a full week’s notice is
 
 certainly
 
 sufficient; and in a tenancy from month to month, a full month’s notice was of course sufficient. Whether by analogy to the doctrine of tenancies from year to year notice for half of the week or month prior to its expiration would not be sufficient is not decided; but it is certain that the analogy is not complete ; for leases from month to month or from week to week, must, of course, be confined, to the rent of rooms to live in, or keep stores, and the conclusion, that six months was reasonable time to give notice in case of a tenant from year to year, was adopted because of the course of husbandry and the time necessary for crops to be planted and matured.
 

 Mr. Wimston,
 
 in the second place, took the ground, that supposing his Honor to have erred in respect to six month’s notice, yet the decision ought to be sustained, because notice for a month, or at all events, for a half a month, was required in order to determine the lease, and there was no proof ■ of such notice.
 

 When the Judge interrupts the usual progress of a trial by an intimation of his opinion on a particular point, and the counsel submits to a nonsuit, and appeals, with a view of trying that question, and it turns out that his Honor was in error, the case should be sent back for another trial, because it may be that but for this intimation, additional evidence would have been offered or other points taken, as, in this instance, further evidence, in order to fix the precise time of the de
 
 *433
 
 marid of possession, or raising the question whether the defendant’s saying that “ the door of the room was on his lot? and he was willing to compromise,” was not taking an adverse position inconsistent with a tenancy, and by such disavowal dispensing with the necessity of any notice.
 

 Per Curiam,
 

 Let the nonsuit be set aside and a
 
 venire de novo.