Battle J.
 

 This case has been argued with much ingenuity by the counsel for the plaintiff, but the force of the argument is insufficient to prevail against one of the objections taken by the counsel ior the defendants. That objection is, that at the time when the suit was instituted, the County Courts of the State had no jurisdiction whatever of the subject matter of it. See acts oí 2d extra session of 1861, ch. 10, s. 1, and also the acts of the special session in 1867, ch. 17, s. 1, and ordinances oí the Convention, .(session in 1866, ch. 3.) The effect of this legislation was to confer original and exclusive jurisdiction upon the Superior Courts in all actions of debt founded upon contracts made prior to the 1st day of May 1865, and of course to take it atvay from the County Courts. The objection then is, that there was a
 
 defect
 
 of jurisdiction in the County Court to entertain the present suit. “A defect of jurisdiction (says the court in
 
 Burroughs
 
 v.
 
 McNeil,
 
 2 Dev. & Bat. Eq., 297) exists where courts of
 
 particular limited
 
 jurisdiction undertake to act be
 
 *553
 
 yond the bounds of their delegated authority,
 
 (Green
 
 v. Rutherforth, 1 Ves., Sen. 471) or where a Superior Court of general jurisdiction passes upon subjects which, by the constitution or laws of the country are reserved for the exclusive jurisdiction of a different judicial or political tribunal, as where the Court of Chancery in England undertakes to determine cases belonging solely to the cognizance of the King in council.
 
 Penn
 
 v.
 
 Lord Baltimore,
 
 1 Ves., Sen. 446. In these and cases like these, there is a plain
 
 defect
 
 of jurisdiction. . The exercise of power here would be usurpation, for no consent of parties can confer a jurisdiction withheld by law; and the instant that the court perceives that it is exercising, or is about to exercise a forbidden or-ungranted power, it ought to stay its action, and, if it do not, such action is in law a nullity.” To the same effect is the case of
 
 Branch
 
 v.
 
 Houston,
 
 Bus., 85, in which it is said that
 
 “ex necessitate,
 
 the court may on plea, suggestion, motion, or
 
 ex mero motu,
 
 where the defect of jurisdiction is apparent, stop the proceeding. Tidd 516, 960. See also
 
 Skinner
 
 v.
 
 Moore, 2
 
 Dev. & Bat., 138, and the note to the 2d edition.
 

 In the case now before us we are bound to take notice of the want of jurisdiction in the County Courts, of suits on contracts entered into before the 1st day of May 1865, and the plea of the defendants, supported by an affidavit of three of the number was sufficient to inform the court that the contract upon which the suit was brought, was made prior to that time. The objection to the affidavit, that it ought to have' been sworn to by all the defendants, cannot be supported. It would be sufficient if it had been made by a third person. See 1 Chit. Plead., 463. Without deciding then upon the sufficiency of the plea in matters of form, we can say that it was sufficient for the purpose of bringing to the attention of the County Court the fact that it was called upon to adjudicate in a case in which it had no
 
 *554
 
 jurisdiction, and that thereupon the County Court did right in giving a judgment against the plaintiff. The case of
 
 Branch
 
 v.
 
 Houston, ubi supra,
 
 is a direct authority to show that the Superior Court did not acquire any other' jurisdiction of the cause by the appeal; than whát was necessary to enable it to decide whether the judgment of the County Court was erroneous or not,
 

 The judgment of the Superior Court must be reversed, and a judgment be given here that the writ be quashed.
 

 Per Curiam. Judgment reversed.