THOMAS J. MERONEY v. JOHN L. WRIGHT.

*Landlord and Tenant—Lease—Rent.*

A summary proceeding in ejectment under the landlord and tenant act begun during the lessee's term cannot be maintained where the contract of lease contained no condition, the breach of which would authorize a re-entry by the lessor. The mere failure to pay rent upon "a lease at —— dollars a year, payable monthly," does not warrant such re-entry.

PROCEEDING under the Landlord and Tenant Act, tried on appeal at Spring Term, 1879, of ROWAN Superior Court, before *Schenck, J.*

Upon the facts set out in the opinion, the court below intimated that the plaintiff could not recover, and he thereupon took a nonsuit and appealed.

*Messrs. J. M. McCorkle* and *W. H. Bailey,* for plaintiff.
No counsel in this court for the defendant.

DILLARD, J.   This was a summary action in ejectment, begun in a justice's court on the first day of January, 1878, and appealed thence to the superior court.

On the trial in the superior court, the plaintiff proved by himself that he acquired the land in controversy in September, 1877, and that in a short time thereafter, the defendant, then in possession and claiming under one McEntyre, agreed to hold of him and pay him —— dollars a year for rent, payable monthly, and rested his case.   Thereupon His Honor intimated that the lease had not expired before the suit was instituted, and there being no testimony of any condition or stipulation on which it was determinable short of a year, the plaintiff could not recover, and in deference to this opinion the plaintiff took a nonsuit and appealed.

A lease for years is a contract for the enjoyment of one's land by another, at an agreed rent, payable at the end of the year, or monthly, or otherwise as may be agreed on, for a certain determinate period of time; and the contract made vests an interest in the term immediately and on entry by the lessee, it vests in him the possession.   The tenant then has an estate and may maintain ejectment or trespass *quare clausum* against his landlord or any other person who unlawfully and against his consent enters on the premises.

When a tenancy is thus created, the term will expire by the affluxion of the definite time agreed on for its duration, or if it be such as to be construed a tenancy from year to year, it can only end by a notice to quit according to the act of assembly on that subject, and if not ended in one of these ways, it can be determined short of the specified duration, only by some act done or omitted by which according to the stipulations of the lease the estate of the lessee ceases.

The statute under which this action was instituted, recognizes the duration of a term of years and the modes of its termination as above described, and in so many words confers jurisdiction on a justice of the peace over the subject of

land in only two cases: 1. Whenever a tenant in possession of real estate holds after his term has expired. 2. When the tenant, lessee, or other person under him, has done or omitted any act, by which, according to the stipulation of the lease, his estate has ceased. Bat. Rev., ch. 64, § 19.

Under the case made by the plaintiff on his own oath, the lease was made in September, 1877, "at —— dollars a year," and taking its commencement to be from the day of the contract, its duration, if construed to be a lease for a year, would extend to a corresponding day in 1878; or if construed to be a lease from year to year, it would continue until put an end to at the end of the current year by a six months' notice to quit. And so, in either view of the lease between these parties, the suit was instituted before the term had expired, and the action could not be maintained, as intimated by His Honor, unless, in the language of the statute, some act was done or omitted by which, according to the stipulation of the lease, the estate of the lessee was made to cease.

The contract, as deposed to by the plaintiff, contained no stipulation as to any act done or omitted which authorized a re-entry by the lessor, or itself limited, and put an end to the term. It was a lease at —— dollars a year, payable monthly, and at most, in legal effect, that only referred to the mode and time of payment, and did not make the lease cease or enable the plaintiff to make it cease. If the lease had been upon a rent, agreed on and payable at the end of a year, confessedly, the lease would not have been expired when the suit was brought, and there is no difference in the stipulation to pay monthly, except that the rent by the contract was payable in instalments, and at the end of each month, instead of altogether and at one time.

There is no reason in the nature of the thing, why a refusal to pay the rent demanded to plaintiff should work any other liability than rests on any debtor on his failure or re-

fusal to pay his creditor. The plaintiff on the refusal had the right to have action against the defendant and coerce the payments *toties quoties* they were not paid and that is all that the contract established by him imports.

To maintain this action for the recovery of the land on the mere refusal to pay a monthly instalment, the contract of lease should have contained the stipulation as provided for in the statute under which the summary proceeding was begun. Not the failure to pay any month's instalment should have the effect to put an end to the estate or term, and the plaintiff not stipulating for any proviso or condition in the lease whereby the estate of the tenant was to cease, the court was not authorized to adjudge the *cesser* of defendant's term. 4 Kent., 106; and Arch. Land and Tenant, 161.

We concur therefore in the opinion of His Honor, that plaintiff's action was brought before the expiration of defendant's term, and that there was no stipulation in the lease by which his estate was made to cease earlier.

No error.                                              Affirmed.