### W. R. SIMMONS v. EMANUEL JARMAN.

(Decided March 8, 1898.)

### Landlord and Tenant—Tenant From Month to Month— Notice to Quit.

1. Where a tenant, under a lease for the year 1896 at a specified price per month, payable in advance, held until June, 1897, and the landlord received rent up to June, 1897, *Held*, that the tenancy was from month to month in 1897.

2. Where a tenant from month to month, who had paid his rent to June 1st, 1897, received a notice from his landlord on May 18, 1897, "to get out within thirty days;" *Held*, that such notice was invalid as to May, as the rent had been paid, and as to June because the prescribed time for quitting did not end with the end of the month.   (Section 1750 of *The Code.*)

3. Where a tenant from month to month agrees to pay monthly in advance but there is no condition of forfeiture in the event the rent is not so paid, the landlord cannot turn the tenant out for non-payment of rent.

SUMMARY PROCEEDINGS in ejectment commenced before a Justice of the Peace and heard on defendant's ap-

SIMMONS v. JARMAN.

peal before *Robinson, J,*, at September Term, 1897, of
WAYNE Superior Court.

On the trial W. R. Simmons, witness for the plain-
tiff, testified as follows:— "I am the agent of the
plaintiff, who resides in the State of Tennessee, and I
rented the premises in dispute to the defendant by the
month, at $3 per month; rent payable monthly cash in
advance, beginning January 1, 1896, with the privilege
of a year. The house being in need of repairs it was
agreed that the defendant should make the repairs,
which should cost $10, and that the same should be
credited on the rent. It was the understanding, the
repairs being necessary, that they should be made as
soon as the defendant took possession. The first pay-
ment in money to me by the defendant, on account of
said rent, was $2, the balance due for the month of
April, and which was paid on the 3d day of May, 1896,
and for which I gave a receipt. He afterwards paid $3
per month rent, at irregular intervals. The rent of each
month he paid for the year 1896, and continued on into
the year 1897, under the original contract; then he
wanted the house fixed. I wrote to plaintiff, who de-
clined to make the repairs; said he had already made an
allowance of $10 for repairs. The defendant thereupon
said he would not pay the rent until the house was re-
paired. He owed me two months' rent, and on May 18,
1897, I told him he must surrender the premises in
thirty (30) days. On June 2nd he paid me $3 rent for
the month of May. On June 15th he tendered rent for
the month of June, which I refused to accept, and
brought suit."

On cross-examination, the witness said: "I cannot
mention a month in which the defendant paid his rent
in advance. From my receipts to him, shown to me,

the earliest date upon which the rent was paid was the tenth day of the month in which the rent was due."

Floyd Walker, a witness for the plaintiff, testified as follows.—"The defendant told me that he had rented the house, rent payable monthly cash in advance, with privilege of a year."

The defendant introduced no testimony, but demurred to the evidence offered by the plaintiff, on the grounds:

1. That the evidence showed no stipulation for re-entry.

2. That the tender of the rent for the month of June barred any further action.

3. That if there had been a right of re-entry, same may be waived by failure to demand payment of rent in advance.

His Honor overruled the demurrer, to which the defendant excepted, and submitted the issue to the jury under instructions.

There was a verdict for the plaintiff and defendant appealed.

*Mr. W. C. Munroe* for plaintiff.
*Mr. W. D. Pollock* for defendant (appellant).

FURCHES, J.: The plaintiff rented the premises in dispute to the defendant at the price of $3 per month, to be paid in advance—rental to commence on the 1st day of January, 1896, and the defendant was to have the privilege of retaining possession for the year. The defendant retained possession during the year 1896 and until the 22nd of June, 1897, when this proceeding was commenced.

This constituted a renting from month to month, commencing on the 1st day of January, 1896. And it

is evident that the parties understood it to be by the calendar' month, as the plaintiff speaks of receiving the rent for the month of ''May etc.'' The renting being by the month, when the defendant was allowed to hold over into 1897, and the plaintiff received rent for that year up to and including the month of May, this constituted the defendant a tenant from month to month in the year 1897. *Jones* v. *Wills*, 53 N. C., 430.

This being so, the defendant was entitled to 14 days notice to quit, ending with the end of the month. *Branton* v. *O'Briant*, 93 N. C., 99; *Code*, Section 1750, which is now, by Chapter 227, Acts 1891, reduced to seven days. The only notice shown to have been given was on the 18th day of May, 1897, and this was ''to get out within 30 days.'' This notice did not comply with the law. It could not have been for the month of May, as it did not say so, and was not 14 days before the end of that month. It could not apply to the month of May, as the plaintiff received rent for that month, which was a waiver of any rights the plaintiff might have had for that month. *Richburg* v. *Bartley*, 44 N. C., 418. It was not in compliance with the law for the month of June, because it did not end with the end of that month. *Branton* v. *O'Briant*, *supra*; *Code*, Section 1750. In fact this action was commenced before the end of June, to-wit, on the 22nd day of June. The rent was to be paid monthly in advance. This was never done, the payments all being made after the beginning of the month.

But there was no condition of forfeiture in the event the rents were not so paid. And the plaintiff had no right to turn the defendant out on account of the nonpayment of rent. *Meroney* v. *Wright*, 81 N. C., 390.

We have not considered the other interesting ques-

tion presented, as to the effect of the optional lease, discussed in *McAdoo* v. *Cullum*, 86 N. C., 419.  There is error and a new trial is awarded.

Error—New trial.