PRODUCT COMPANY v. DUNN.

(Filed October 30, 1906).

*Lease—Option to Renew—Landlord and Tenant—Termination—Improvements—Possession.*

1. Where the plaintiff held a five years' lease from defendant expiring 1 April, rent payable yearly in advance, with an option to continue the lease at the same yearly rental at the end of the first term of five years for another term of five years,. and with a right to purchase at any time during the continuance of the lease at a stipulated price, and with a proviso that if plaintiff failed to pay the rent in advance the defendant had the right to enter and take possession, the lease terminated by the failure of the plaintiff to exercise his option to renew on the day of its expiration, or before, by giving notice and paying one year's rent in advance, and the defendant was not required to acknowledge its renewal afterwards nor to accept tender either of rent or purchase-money thereafter.

2. The fact that a tenant, under a five years' lease with option to renew, made some improvements upon the land, did not entitle him to the option which he had forfeited by failure to exercise it in time; and where the landlord demanded possession after the expiration of the lease, the tenant cannot take any advantage of his own wrong in remaining in possession till he was turned out by the landlord.

CONTROVERSY without action, by Atlantic Product Company against William Dunn, submitted to *Judge B. F. Long* at the May Term, 1906, of the Superior Court of CRAVEN.

The following are substantially the facts agreed: On 10 March, 1899, the defendant leased the premises for one year, beginning 1 April, 1899, to the plaintiff in consideration of $125, payable yearly in advance, with this further agreement: "The party of the second part, upon the expiration of the said term of one year, shall have the right at its option to continue this agreement and lease for another full term of five years, beginning 1 April, 1900, at the same yearly rental, *i. e.*, $125, payable as aforesaid, with the right and option to have an extension and continuance hereof at the

same yearly rental at the end of said first term of five years for another full term of five years." There was also a further proviso that the plaintiff herein (party of the second part) "at any time during the continuance hereof shall have the right to purchase said leased property in fee-simple at the price of $1,550."

The plaintiff, exercising its option, renewed the lease 1 April, 1900, for five years On 3 April, 1905, the defendant notified the plaintiff that its lease had "expired 1 April, 1905, and with said expiration the right of renewal," and inquired if the plaintiff wished to make a new lease; if not, he wished it "to give up the property." On 5 April the president of plaintiff company replied that he did not have the lease at hand, but thought it was for eleven years, and had five more years to run. He made no reference to the demand for surrender of the premises, nor any offer to pay rent. On 26 April he offered to continue the lease; but the defendant, while willing to enter into the new lease, declined to renew or extend the terms of the old lease or revive or renew the option to purchase contained in the old lease. On 24 June the agent of the plaintiff offered to pay the rent, but the defendant declined to receive it. The plaintiff continued in possession till 2 August, 1905, when the defendant turned the plaintiff's watchman out and took possession of the property, and still holds the same. On 15 July, 1905, the plaintiff offered to pay defendant $1,550 and all accrued rent upon execution of a fee-simple deed, which offer the defendant refused to accept.

The plaintiff did not give the defendant any notice, either verbally or in writing, that it would exercise the option to continue said lease and agreement before or on 1 April, 1905, nor afterwards, except as above stated. The Court held with defendant. The plaintiff excepted and appealed.

*A. D. Ward, M. DeW. Stevenson* and *H. C. Whitehurst* for the plaintiff.

*Guion & Dunn* for the defendant.

CLARK, C. J., after stating the facts: Besides the facts above recited, the lease (which is set out in full) also ·contained the following further agreement: "Should the party of the second part make default herein and fail to perform the agreements entered into herein on its part, or any of them, or fail to pay said rent when the same is due, then and in that case the party of the first part shall have the right to enter said premises and take possession thereof as of his former estate."

If the plaintiff had failed to pay the annual rent in advance, at or before 1 April of any year, the defendant, under the above clause, had the right to enter and take possession. But the defendant is in still better case here, for the five years' lease expired 1 April, 1905, by its terms, and the plaintiff not having exercised its "right and option" and made payment of the annual rental on or before that day, the lease expired by its own terms, and the defendant on 3 April notified him thereof and demanded possession.

The defendant was within his rights in refusing, on 26 April, to renew the old lease, and subsequently refusing, on 24 June, the tender of rent and, on 15 July, declining to accept $1,550 purchase-money.

In *Meroney v. Wright,* 81 N. C., 390, there was simply a stipulation for payment of rent, without any provision for re-entry upon default. Here, not only was there such provision, but the lease expired by its limitation, unless the plaintiff had on the day of its expiration, or before, exercised his option to renew by giving notice and paying one year's rent in advance. This was a condition precedent, and not having been complied with, the lease then and there terminated on 1 April, 1905. The option to renew, and the option

to purchase, must have been exercised during the existence of the contract. *Alston v. Connell,* 140 N. C., 491; 21 A. and E. Enc. (2 Ed.), 931, and authorities there cited. The tender of rent after the expiration of the lease did not restore the plaintiff's option. *Vanderford v. Foreman,* 129 N. C., 217. Nor did the fact that plaintiff has made some improvements upon the land entitle plaintiff to the option which he had forfeited by failure to exercise it in time. *Blanchard v. Jackson,* 55 Kan., 239. Where there is a renting from year to year, remaining in possession is an election to continue, and non-payment of rent is merely ground for entry by lessor, if stipulated for. Indeed, in such case, the lessor must give the lessee one month's notice to quit in a lease from year to year. Rev., 1984. The authorities cited by plaintiff sustain that proposition. But here the five years' lease expired 1 April, 1905, and the plaintiff had a stipulated "right and option" for extension and continuance, and also purchase at the price specified. These options could be exercised by plaintiff only while the lease was in force. Not having exercised the option before the lease expired, on 1 April, the defendant was not required to acknowledge its renewal afterwards; and the lease not being in force, he was not bound to accept the tender either of rent or purchase-money thereafter. The defendant having demanded possession, 3 April, the plaintiff cannot take any advantage of its own wrong in remaining in possession till 2 August, when it was turned out by defendant.

No Error.