LENOIR REALTY AND INSURANCE COMPANY v. DAVID M. CORPENING.

(Filed 13 May, 1908).

1. Courts—Jurisdiction—Amount of Possible Recovery.

The jurisdiction of the Superior Court is dependent upon the amount for which, in the most favorable aspect for plaintiff, judgment could be rendered upon the facts set out in the complaint.

2. Courts—Jurisdiction—Waiver—Supreme Court.

When the action arises solely upon contract the question of jurisdiction may not be waived, and may be raised in the Supreme Court for the first time.

3. Same—Breach of Contract—Amount of Recovery—Judgment Demanded.

When the cause of action in the complaint is the breach of contract of defendant to make a deed to land to a purchaser the plaintiff had procured thereunder; that the land was sold for $4,000 and it was entitled to an agreed commission of five per cent., including all costs of sale, the Superior Court has no jurisdiction, as the action did not sound in tort and the amount of the recovery could not exceed $200, though a judgment of $500 was demanded, including costs of advertising in a sum not named.

ACTION heard before *Ward, J.,* and a jury, at November Term, 1907, of CALDWELL.

J. E. Mattocks and T. B. Lewis, trading under the name of plaintiff, sued for recovery of damages for breach of contract, alleging that defendant had entered into a contract in writing, made a part of the complaint, whereby he authorized them to sell, and, upon finding a purchaser, agreed to make title to a tract of land owned by him. For the service rendered in making sale plaintiff was to receive a compensation of five per cent. The minimum amount at which plaintiff was authorized to sell was $3,800 ($4,000 to be charged). Plaintiff alleged that it found a purchaser for the land, at the price of $4,000, who was ready, willing and able to pay that amount, but that defendant refused to execute a deed according to the terms of his contract. It is alleged that, by the

refusal of defendant to convey the land to the purchaser, plaintiff has sustained $200 damages and the loss of the same amount of commissions; that they had expended a large amount, not named, in advertising, etc. Judgment for $500 is demanded.

Defendant answered, denying that he had violated the terms of his contract. The answer also raised the question of jurisdiction. Upon hearing the evidence his Honor rendered judgment of nonsuit. Plaintiff appealed.

*Jones & Whisnant* for plaintiff.

*A. A. Whitener, W. A. Self* and *Mark Squires* for defendant.

CONNOR, J. The plaintiff is confronted with the fact that in no possible aspect of the complaint can it recover more than $200. The commission for making sale was to be five per cent. This included all expenses and payment for services rendered in making sale. The amount for which the sale was made was $4,000, hence the commission could not exceed $200. It is too well settled to admit of controversy that the jurisdiction is fixed by the amount for which in the aspect most favorable for plaintiff judgment could be rendered upon the facts set out. *Frœlich v. Express Co.,* 67 N. C., 1. It is also settled that the objection to the jurisdiction can be raised for the first time in this Court. It is constitutional and may not be waived. It is true that in some cases the plaintiff may waive the contract and sue in tort, as in *Bowers v. Railroad,* 107 N. C., 721. This is not one of the cases. The refusal of defendant to execute a deed is simply a breach of his contract, as if he had promised to pay plaintiff $200 for services rendered. Calling it a tort does not make it one. Without passing upon the exception to the judgment of nonsuit, we are compelled to dismiss the action because the Superior Court had no jurisdiction. It is so ordered.

Dismissed.