## DR. RALPH E. DEES v. G. P. APPLE.

### (Filed 27 February, 1935.)

**1. Ejectment B d—Issue of fraud is improperly submitted in action in summary ejectment.**

Where a verbal lease does not provide for its termination or reserve the right of reëntry for breach by the tenant of stipulated conditions in regard to maintenance and operation of the property, breach of such conditions cannot be made the basis for summary ejectment, C. S., 2365, and issues of fraud in procuring the lease and wilful breach of the conditions are erroneously submitted in the Superior Court upon appeal in such action, the action upon such issues being for the equitable relief of recision, and it not being permissible for a party to institute suit in summary ejectment and substitute therefor on appeal to the Superior Court a suit for recision.

**2. Fraud A b—**

Breach of conditions relating to maintenance and operation of the property by the tenant after he had gone into possession is no evidence of fraud in procuring the lease contract.

**3. Courts A c—**

While the jurisdiction of the Superior Court upon appeal from a municipal court which does not require written pleadings is derivative, where equitable relief is demanded in the Superior Court written pleadings are required.

**4. Same—**

Upon appeal from a municipal court to the Superior Court the case must be tried in the Superior Court as instituted in the municipal court, and appellant may not change his cause of action upon appeal.

**5. Pleadings D a—**

Jurisdiction over the subject-matter of an action cannot be waived or conferred by consent, and objection to such jurisdiction may be made at any time during the trial, or even in the Supreme Court upon appeal.

**6. Courts B b: Ejectment B a—**

The civil division of the municipal court of Greensboro *is held* to have jurisdiction of suits in summary ejectment.

CIVIL ACTION, before *Clement, J.,* at March Term, 1934, of GUILFORD.

The plaintiff brought an action against the defendant in summary ejectment in the civil division of the municipal court of the city of Greensboro. On the return day both parties appeared in said court. There were no written pleadings, but the plaintiff claimed "$200.00 for damages by reason of breach of contract and neglect of duties by tenant." The defendant "denied liability." "Judgment was rendered in favor of the plaintiff and against the defendant on 2 February, 1934,

for possession of the premises and for costs." The defendant appealed to the Superior Court.

The evidence tended to show that the plaintiff is the owner of a farm in Guilford County, and that on or about 1 September, 1933, the defendant came to see him about renting the farm. Thereafter, on 4 October, 1933, the plaintiff rented the farm to the defendant. The rental agreement as narrated by the plaintiff was substantially as follows: "Our agreement was that he must run himself. . . . I told him I would not take him out there unless he could run himself; . . . that I would expect him to work, . . . and that the only way we could ever do anything was for him to put all his time out there on my farm, . . . that he was going there on a fifty-fifty basis, and that he was to return the work to me that I had already put out in making it possible to get the crop in. . . . He was to pay half the fertilizer bill. He was to pay half the oil and gas bill, that is, when he used the tractor. He was to keep up the machinery, and if there were any broken portions I was to replace them, but he was to do the labor and he was to put out the labor for the crop, and we were to go on a fifty-fifty basis of what we make. In further consideration for his coming there he was to take care of the stock, . . . which he agreed to do just like he would if they were his own. I was to furnish the stock, but he was to take care of them and feed them. . . . We were to feed this stock out of common feeds we made on the farm, his and mine, and then any increase, like calves and pigs, he was to share on a fifty-fifty basis. . . . All the proceeds were to be on a fifty-fifty basis. I had about forty-five acres tillable land. . . . He was to take orders how those things were to be put in, what should be put in, and how it should be put in, and where it should be put in, and what and how much should be put in was to be ordered by me. . . . I instructed him to put 200 pounds to the acre for all grains that he put in with the drill. . . . I went out there and he said: 'I got in that piece of rye.' I said: 'Where did you get your fertilizer from?' 'Well,' he said, 'I didn't use any, you had such a good growth of peas on it.' . . . He failed to feed the stock. He won't take the grain there and feed them, . . . and he has not watered them properly. He has torn down the horse trough. . . . My mules have lost a great deal of flesh, have fallen off from what I would say 100 to 200 pounds. He continued to run the tractor until he broke every sprocket and the drive chain was pulled off." . . . The plaintiff further testified that the defendant had wasted and sold certain sweet potatoes that he had on the premises, and that he had needlessly cut down cedars and other valuable timber for wood, and failed to breed certain stock.

There was further evidence that the defendant worked for the CWA, and thus failed to give his entire attention and time to the farm of the

plaintiff. There was other testimony offered by the plaintiff as to the failure of defendant to build certain fences on the premises.

The defendant denied that he had breached the rental contract, and testified that he worked diligently on the farm, and that his wife and "two boys big enough to work helped me. We prepared a lot of oats ground, twenty-two to twenty-four acres, and . . . ten acres of wheat ground." The defendant admitted that he did do some work with the CWA, because he had to have food and shoes for his family, but that he had never abandoned the farm, and had otherwise performed his agreement.

The summons in ejectment was issued on 29 January, 1934, and judgment of the civil division of the municipal court of the city of Greensboro was entered on 2 February, 1934.

When the cause reached the Superior Court the following issues were submitted:

1. "Did the plaintiff and the defendant enter into a contract, as alleged by the plaintiff?"

2. "Was the execution of the said contract of the plaintiff with the defendant procured by the fraudulent misrepresentations of the defendant, as alleged by the plaintiff?"

3. "If not, then did the defendant wilfully breach the contract with the plaintiff, as alleged by the plaintiff?"

4. "Is the plaintiff the owner of and entitled to the immediate possession of the land described, as alleged by the plaintiff?"

The jury answered all the issues "Yes," and from judgment that the plaintiff "is hereby given the right of immediate possession of his premises, and he shall recover of defendant the cost of this action," the defendant appealed.

*L. Herbin and Younce & Younce for plaintiff.*
*Thos. J. Hill for defendant.*

BROGDEN, J. A landlord makes a verbal contract with a tenant to lease a tract of land for agricultural purposes. The lease reserves no right of reëntry for condition broken and contains no provision to the effect that failure to perform covenants therein binding upon the lessee shall work a forfeiture of the lease. Before the term of the lease expires the landlord brings an action in summary ejectment in the civil division of the municipal court of the city of Greensboro. No written pleadings were filed and there was judgment "for possession of the premises, and for costs." The defendant appealed to the Superior Court, and the return to the notice of appeal shows that "the plaintiff claimed $200.00 for damages by reason of breach of contract and negligence of duties by tenant." The defendant "denied liability." In the Superior Court

issues as hereinbefore set out were submitted to a jury and answered as indicated. No written pleadings were filed in the Superior Court.

Upon the foregoing epitome of facts the following questions of law arise:

1. In such action of summary ejectment, was it proper to submit an issue of fraud?

2. Did the civil division of the municipal court of the city of Greensboro have jurisdiction of the action?

The basis and scope of summary ejectment in actions between landlord and tenant are established by C. S., 2365. The only section of said statute which could possibly fit the facts in the case at bar is subsection 2, which provided: "When the tenant . . . has done or ·omitted any act by which, according to the stipulation of the lease, his estate has ceased." The lease or contract of rental disclosed by the record contains no stipulation automatically terminating the estate, for breach thereof, nor did such contract or lease reserve the right of reëntry. See *Meroney v. Wright*, 81 N. C., 390; *Simmons v. Jarman*, 122 N. C., 195, 29 S. E., 332; *Product Co. v. Dunn*, 142 N. C., 471, 55 S. E., 299.

When the case reached the Superior Court by appeal, the trial judge submitted issues of fraud and wilful breach of contract over the objection of defendant. Manifestly, at this point the cause of action was immediately transformed into an action to rescind the contract. In the Superior Court issues arise upon the pleadings. C. S., 580. Furthermore, there was no evidence of fraud in the procurement of the contract. According to the evidence, the defendant failed to do many things he had promised to do, but such delinquencies occurred after he went into possession of the land.

Written pleadings are not required in the civil division of the municipal court of Greensboro, and of course the jurisdiction of the Superior Court was derivative. Nevertheless, when the plaintiff undertook in the Superior Court to ask for equitable relief, pleadings were necessary. Moreover, the result is that an action of summary ejectment in the civil division court becomes an action for recision, upon appeal, in the Superior Court. Such procedure is not sanctioned by law. Therefore, the first question of law must be answered "No."

Jurisdiction over the subject-matter of an action cannot be waived or conferred by consent, and hence objection to such jurisdiction may be made at any time during the progress of the trial, and even for the first time in the Supreme Court. *Realty Co. v. Corpening*, 147 N. C., 613, 61 S. E., 528; *Provision Co. v. Daves*, 190 N. C., 7, 128 S. E., 593.

An examination of the statute and amendments thereto, creating the civil division of the municipal court of Greensboro, leads this Court to the conclusion that said court has jurisdiction of summary ejectment, and therefore the second question of law is answered "Yes."

The analysis of the case reveals that the plaintiff instituted an action of summary ejectment in a court of competent jurisdiction. Upon appeal, the action of summary ejectment disappeared and a suit for recision was substituted.

This cannot be done. The plaintiff must try the case he instituted.
New trial.