HENDERSON COUNTY v. ELLISON A. SMYTH, E. A. SMYTH, III, AND BALFOUR MILLS, INC., a CORPORATION.

(Filed 1 November, 1939.)

1. Constitutional Law § 4b: Courts § 1a: Taxation § 25—

The power to levy taxes is the exclusive province of the legislative branch of the government, N. C. Constitution, Art. V, and the Superior Court has no jurisdiction of an action the nature and purpose of which is to discover, to list and assess for taxation, property which has escaped taxation.

2. Courts § 1c—

An action should be dismissed on defendant's motion even before complaint is filed, when it appears upon the face of the proceedings had after issuance of summons that the court has no jurisdiction of the action.

APPEAL by defendants from *Rousseau, J.,* at May-June Term, 1939, of HENDERSON.

Civil action instituted in Superior Court of Henderson County by the issuance of a summons on 7 June, 1939. Cotemporaneously, the clerk of the Superior Court, in an order extending the time for filing complaint, finds that the nature and purpose of the action is "for recovering judgment on account of the failure of defendants, and especially Ellison A. Smyth, to list and pay taxes over a long period of years on a large amount of cash, notes, solvent credits and other personal property."

On the same day, upon motion of plaintiff, Rousseau, Judge of Superior Court, holding the courts of the 18th Judicial District in Henderson County, upon facts found from the motion, *inter alia* "that this action is brought in the name of the sovereign county of Henderson against defendants on account of the failure of defendant Ellison A. Smyth to list certain solvent securities, credits, moneys, notes, and other personal property," and "for the purpose of collecting . . . taxes contended to be due on said personalty to the plaintiff," ordered that the defend-

ants, E. A. Smyth and E. A. Smyth, III, be examined, individually and as officers of the corporate defendant, before a commissioner then appointed by the court; and that they produce for the inspection and examination of plaintiff's counsel all books and records of the corporation, showing the amount of its indebtedness to defendant E. A. Smyth since 1 June, 1925, to the present date, and more especially commanding and requiring them to have and produce certain annual audits of said corporate defendant as of 31 December, 1925, and as of 31 December of each and every year since to and including the year 1938. This order was served on defendant on 7 June, 1939, by the sheriff of Henderson County.

Thereupon, on 8 June, 1939, the defendants excepted to the said order issued on 7 June, 1939, and moved that it be set aside and vacated, and that the action be dismissed for that it appears upon the face of the proceedings that the Superior Court does not have jurisdiction of the subject matter of the action, in that the purpose of the action is to recover judgment for failure of defendants to list for taxation and to pay taxes on solvent credits and personal property in the year 1925 and subsequent years.

Defendants filed affidavits in support of the motion. Upon hearing, the court denied the motion and refused to dismiss the action, and set a time for the examination of defendants in accordance with said former order.

Defendants, and each of them, except and appeal to the Supreme Court, and assign error.

*M. M. Redden and R. L. Whitmire for plaintiff, appellee.*
*Smathers & Meekins for defendants, appellants.*

WINBORNE, J. On this appeal two questions are presented for decision:

(1) Has the Superior Court jurisdiction of the subject matter of an action, the nature and purpose of which is to discover, to list and to assess for taxation property which has escaped taxation? (2) If not, may the action be dismissed after issuance of summons and before filing of complaint, when lack of jurisdiction is then apparent upon the face of the proceedings? The first is answered "No," and the second "Yes."

1. A defect of jurisdiction exists where a Superior Court of general jurisdiction acts upon a subject which under the Constitution or laws of the State is "reserved to the exclusive consideration of a different judicial or political tribunal." In such cases the exercise of power is usurpation. *Burroughs v. McNeill,* 22 N. C., 297.

The Constitution of North Carolina vests the power to levy taxes exclusively in the legislative branch of the government. N. C. Const., Art. V. The decisions uniformly so hold. *Russell v. Ayer,* 120 N. C., 180, 27 S. E., 133; *Lumber Co. v. Smith,* 146 N. C., 199, 59 S. E., 653; *Pullen v. Corp. Com.,* 152 N. C., 548, 68 S. E., 155; *Person v. Watts,* 184 N. C., 499, 115 S. E., 336; *Person v. Doughton,* 186 N. C., 723, 120 S. E., 481; *Bank v. Doughton,* 189 N. C., 50, 126 S. E., 176; *Belk Bros. v. Maxwell,* 215 N. C., 10, 200 S. E., 915.

In *Person v. Doughton, supra,* it is said: "The judiciary is without power to levy assessments or to devise a scheme of taxation. . . . This is a legislative and not a judicial function."

Applying these principles to the present case, it is apparent that the courts have no jurisdiction over an action which has for its purpose the discovery, listing and assessing property for taxation. For this purpose, under the Constitution, it is within the exclusive power of the Legislature to provide the method and prescribe the procedure.

Plaintiff, through allegations of a conspiracy to defraud the sovereignty, as set forth in motion for order for examination of defendants, seeks to maintain jurisdiction in the Superior Court. This position is untenable.

2. The jurisdiction of a court over the subject matter of an action depends upon the authority granted to it by the Constitution and laws of the sovereignty, and is fundamental. McIntosh, P. & P., 7; *Stafford v. Gallops,* 123 N. C., 19, 31 S. E., 265. Objection to such jurisdiction may be made at any time during the progress of the action. This principle is enunciated in a long line of decisions in this State: *Burroughs v. McNeill, supra; Branch v. Houston,* 44 N. C., 85; *Israel v. Ivey,* 61 N. C., 551; *S. v. Benthall,* 82 N. C., 664; *Noville v. Dew,* 94 N. C., 43; *Rogers v. Jenkins,* 98 N. C., 129, 3 S. E., 821; *S. v. Miller,* 100 N. C., 543, 5 S. E., 925; *Short v. Gill,* 126 N. C., 803, 36 S. E., 336; *Realty Co. v. Corpening,* 147 N. C., 613, 61 S. E., 528; *Provision Co. v. Daves,* 190 N. C., 7, 128 S. E., 593; *Dees v. Apple,* 207 N. C., 763, 178 S. E., 557; *Howard v. Coach Co.,* 211 N. C., 329, 190 S. E., 478.

In *Burroughs v. McNeill, supra,* it is stated: "The instant that the court perceives that it is exercising, or is about to exercise, a forbidden or ungranted power, it ought to stay its action, and, if it does not, such action is, in law, a nullity."

To like effect, in *Branch v. Houstin, supra,* Pearson, J., said: "If there be a defect, *e.g.,* a total want of jurisdiction apparent upon the face of the proceedings, the court will of its own motion, 'stay, quash, or dismiss' the suit. This is necessary to prevent the Court from being forced into an act of usurpation, and compelled to give a void judgment. . . . So, *ex necessitate,* the Court may, on plea, suggestion, motion,

or *ex mero motu,* where the defect of jurisdiction is apparent, stop the proceeding.   Tidd, 516-960."

The motion of defendants to set aside the order for examination of defendants, and to dismiss the action for lack of jurisdiction of the subject matter, should have been allowed.   To that end the case is remanded.

Reversed.