MARY O. STAFFORD ET AL. v. R. M. YALE.

(Filed 19 November, 1947.).

**1. Ejectment § 7—**

> In an action in summary ejectment proof of notice given the 14th of the month to quit the premises on or before the first of the following month is insufficient to show the statutory notice terminating the term, G. S., 42-14, when it appears that the original occupancy was taken on the 18th of the month and plaintiff offers no evidence as to the date of the month the term began or when the monthly rentals became due, G. S., 42-26, and upon failure also of proof of plaintiff's averment of nonpayment of rent, defendant's motion to nonsuit is allowed in the Supreme Court. G. S., 1-183.

**2. Trial § 21—**

> A fatal variance between allegation and proof justifies nonsuit, as it amounts to a total failure of proof on the declaration or the cause alleged.

APPEAL by defendant from *Sink, J.,* at April-May Term, 1947, of WILKES.

Summary proceeding in ejectment commenced before a justice of the peace and tried *de novo* on defendant's appeal to the Superior Court.

The defendant is a merchant in the Town of North Wilkesboro. On 18 March, 1930, he took possession, as tenant, of a brick store building belonging to E. F. Stafford. The agreed rental was payable monthly at the rate of $49.00 a month.

In July, 1945, the rent was increased to $75.00 per month by agreement between the defendant and one of the heirs of E. F. Stafford, and the defendant has been paying this amount ever since. The parties are in disagreement as to the term or duration of the lease then agreed upon. The plaintiffs say it was to be on "a monthly rental basis." The defendant says it was to be for three years in consideration of the increase in rent.

Thereafter, on 14 February, 1947, the plaintiffs gave the defendant written notice to vacate the premises "on or before the 1st day of March, 1947." Ths summary proceeding was instituted on 3 March, 1947, to evict the defendant from the demised premises for "that said defendant has failed to comply with the terms of said lease and has failed to pay the rentals specified therein." It is further alleged in the plaintiffs' oath that demand for possession of the premises has been made of the defendant, "who refuses to surrender it, but holds over." Wherefore, plaintiffs pray that they be put in possession of the premises.

There was a judgment in the justice's court for the plaintiffs, from which the defendant appealed to the Superior Court, where the matters were tried *de novo* at the April-May Term, 1947, and again resulted in a verdict and judgment of eviction.

From this judgment the defendant appeals, assigning errors, insisting chiefly upon his demurrer to the evidence.

*Whicker & Whicker for plaintiffs, appellees.*
*Trivette, Holshouser & Mitchell for defendant, appellant.*

STACY, C. J. After the defendant's renewed motion for judgment of nonsuit had been overruled and exception duly entered, the case was submitted to the jury to ascertain whether the lease was from month to month or for a term of three years.

The issue was clearly stated in the following instructions: "You, gentlemen of the jury, understand what the differences between these parties are. That is to say, their differences in what kind of contract it was, and it is the duty of the jury to determine what kind of rental contract exists between these parties. If you find by the greater weight of the evidence with the plaintiff's contention relating to these issues, you will answer it Yes. If you fail so to find, you will answer it No."

The jury answered simply that the plaintiffs were entitled to the possession of their property, which, under the charge, means that the lease was on "a monthly rental basis." This alone is not enough.

In the first place, there is no evidence to support the conclusion that the term had ended, whatever its length, and that the defendant was a tenant in possession holding over. G. S., 42-26. Secondly, there has been

no failure to pay the rent when due, and there is neither allegation nor proof to show when the term began or when the monthly rentals became due. The defendant entered into possession on the 18th of the month. The notice to quit designated the time as "on or before the 1st day of March, 1947." G. S., 42-14. The record is silent as to whether this was sufficient to terminate the tenancy. *Simmons v. Jarman,* 122 N. C., 195, 29 S. E., 332; *Cherry v. Whitehurst,* 216 N. C., 340, 4 S. E. (2d), 900.

A diligent search of the transcript fails to reveal any evidence to support the claim as set out in the plaintiff's oath. A fatal variance between allegation and proof usually results in a dismissal of the proceeding, as this amounts to a total failure of proof on the declaration or the cause alleged. *Sycamore Mills v. Veneer Co., ante,* 115; *S. v. Harbert,* 185 N. C., 760, 118 S. E., 6. "Proof without allegation is as unavailing as allegation without proof." *Talley v. Granite Quarries Co.,* 174 N. C., 445, 93 S. E., 995; *S. v. Law,* 227 N. C., 103, 40 S. E. (2d), 699.

There was error in overruling the defendant's motion for judgment as in case of nonsuit after all the evidence on both sides was in. The defendant has the benefit of the exception on appeal. G. S., 1-183. It will be allowed here.

Reversed.