G. M. LEWIS AND WIFE, LOUVENIA LEWIS, v. S. W. HARRIS AND WIFE, SALLIE S. HARRIS, AND BANNER LUMBER COMPANY, A CORPORATION.

(Filed 25 November, 1953.)

**1. Courts § 2: Appeal and Error § 6c (1)—**

Objection to want of jurisdiction in the court may be made at any time, and in fact, immediately want of jurisdiction is made apparent the court should take cognizance thereof and stop the proceedings *ex mero motu.*

**2. Judges § 2b—**

The power and authority given to emergency judges are to be exercised only in the court in which they are assigned to hold, and an emergency judge's jurisdiction to hear "in chambers" matters terminates with the termination of the court to which he is assigned. Constitution of N. C., Art. IV, sec. 11; G.S. 7-52.

**3. Same: Judgments § 19: Courts § 2—**

Hearing of an order to show cause why the temporary restraining order issued in the cause should not be continued to the hearing was made returnable at a term of court in another county of the district. The order came on for hearing before an emergency judge assigned to hold the term of court in such other county, and the parties agreed that his order might be entered out of term and out of the county. *Held:* The emergency judge had no jurisdiction to enter an order in the cause out of term and out of the county and such jurisdiction could not be conferred upon him by consent of the parties, and therefore his order so entered, dismissing the action, is a nullity.

**4. Injunctions § 8—**

Upon return of an order to show cause why the temporary restraining order issued in the cause should not be continued to the hearing, the action is before the court solely for the hearing on the order in the cause as constituted on the civil issue docket.

APPEAL by substituted plaintiff from *Grady, Emergency Judge,* at February Term, 1953, of PAMLICO, heard upon order to show cause why injunction restraining cutting of timber should not be continued to final hearing, and upon motion of substitute defendants to dismiss the action by reason of plaintiffs' unreasonable neglect and failure to prosecute same.

The record proper, as shown in the record on this appeal, may be summarized as follows:

1. Summons in this action, entitled as above set forth, was issued by the Clerk of Superior Court of Pamlico County on 2 April, 1907, returnable to April Term, 1907, at which term complaint was filed.

2. The complaint alleges the plaintiff Louvenia Lewis was the owner in fee simple and in possession of a certain specifically described tract of land in No. 1 Township, Pamlico County; that defendants unlawfully entered thereupon and cut and removed therefrom timber to plaintiffs' damage of $300; that defendants claim an interest in said land adverse to plaintiffs; and that defendants have "no solid interest in said lands." Wherefore plaintiff demands judgment in accordance therewith.

3. A second summons was issued 23 September, 1907, by the Clerk of said Superior Court for the individual defendants; and thereafter at April Term, 1910, they filed answer in which they deny that ·plaintiff Louvenia ʹLewis is the owner in fee of all the lands described in the complaint, and assert that they own in fee simple a portion of said lands; and further they deny the allegations as to wrongful entry and trespass.

4. Subsequently, three arbitrators were appointed, and on 27 September, 1915, one of them filed report setting out that in his opinion the title to the land in controversy was in plaintiffs, and thereafter on 13 April, 1916, a substituted arbitrator made an endorsement on, concurring ·in said report. And upon exception to the report, the same was set aside, at

October Term, 1916, and the arbitrators ordered to rehear, after notice as to the time and place, all evidence offered by the parties, and make their report at the next term of the court.

5. And at the Spring Term, 1917, it appearing to the court that the arbitrators had failed to file further report as ordered by the court, an order was entered by the presiding judge, by consent, that if said report be not filed by the time of setting of the calendar for the term of October, 1917, the said arbitration "shall (be) and the same is set aside, and the cause shall stand for trial at the next term" of the court.

6. No motion, or notice, or order appears in the cause between the order entered at Spring Term, 1917, and 14 January, 1953, when M. M. Banks suggested to the court: (a) The death of both original plaintiffs, and that he, himself, by *mesne* conveyances has become the owner of all their right, title and interest in the land described in the complaint, and moved that he be made a party plaintiff in this action, and (b) the death of both original individual defendants, leaving as their sole heirs at law Mack D. Harris, whose wife is named Laura Harris, and Olive Harris, who is now married to Graham Dixon, and moved that they be made parties defendant in this action, and that summons be served upon them as provided by law.

7. Pursuant thereto, the Clerk of Superior Court, finding the facts to be accordant with the suggestion so made entered an order on 3 February, 1953, that M. M. Banks be made a party plaintiff to this action in place and stead of the original plaintiffs, and that Mack D. Harris and wife Laura Harris, and Olive Harris Dixon and her husband, Graham Dixon, be substituted as parties defendant in place and stead of original individual defendants, and that they be allowed twenty days from date of the order within which to file their pleadings. Service of this order, and of the motion on which it was entered, as above set forth, was made on each of the newly named defendants on 7 February, 1953. And summons for them, dated 3 February, 1953, appears in the record.

And the substituted plaintiff filed a petition alleging trespass by the substituted defendants, and prayed that they, and their agents, employees and representatives be restrained from entering and trespassing upon the land described in the complaint.

Thereupon, on 4 February, 1953, Stevens, Resident Judge of Superior Court of Sixth Judicial District issued such temporary restraining order, and ordered that said defendants appear before him, or such other judge, as may be then and there presiding, at February Civil Term, 1953, of Superior Court of Pitt County, N. C., on 16 February, 1953, at 2:30 p.m., or as soon thereafter as they can be heard, to show cause, if any they have, why this order should not be continued until the final determination of this action,—the order being conditioned upon plaintiff, M. M. Banks,

executing and filing bond in the amount of $200, etc. The petition and this order were served on each of said defendants on 7 February, 1953, by sheriff of Pamlico County.

8. Thereafter, under date of 14 February, 1953, the substituted defendants, by and through their attorneys, purporting to enter special appearance solely for the purpose of making motion to dismiss the action, moved the court (1) That the temporary restraining order heretofore issued in the cause be dissolved and vacated and the action be dismissed; (2) that the order theretofore issued by the Clerk of Superior Court of Pamlico County on 3 February, 1953, purporting to substitute parties plaintiff and defendant in this action, be declared null and void and the same be set aside and vacated; (3) that the summons, complaint, answer and several motions and orders filed in the original action be read and considered in support of the motion to dismiss; and (4) that they recover their costs in this action.

9. The cause came on for hearing, and was heard before, and by the Honorable Henry A. Grady, an Emergency Judge, specially commissioned and assigned to hold, and holding the regular Civil February Term, 1953, of Superior Court of Pitt County, a one-week term commencing 16 February, 1953, at Greenville, North Carolina, upon (1) the order to show cause, and (2) the motion by substituted defendants to abate the action, as aforesaid. Thereafter on 14 March, 1953, at Pine Crest, North Carolina, Judge Grady entered an order "that the cause stand abated," and that "the same is dismissed at the cost of the substituted plaintiff" and his surety. And in this order it is stated that: "It was agreed by counsel that this order might be entered out of term and out of the county to have the same effect as if entered at term," citing *Shepard v. Leonard,* 223 N.C. 110.

The substituted plaintiff, M. M. Banks, excepted to this judgment, and appeals to Supreme Court and assigns error.

*George B. Riddle, Jr., for substituted plaintiff, appellant.*
*Lee & Hancock for defendant, appellee.*

WINBORNE, J. While the parties debate in this Court the question as to whether the judge below erred in his ruling that the action stand abated, and in dismissing the action, it is apparent upon the face of the record that this Court does not reach this question, for there looms at the threshold, of this appeal, another question: Did Grady, Emergency Judge, have jurisdiction to enter the order now being challenged? The answer is No.

The jurisdiction of an Emergency Judge over the subject matter of an action, or of a motion in the cause, depends upon the authority granted to

him by the Constitution and laws of the sovereignty, and is fundamental. McIntosh's N. C. P. & P. 7. *Stafford v. Gallops,* 123 N.C. 19, 31 S.E. 265. And objection to such jurisdiction may be made at any time during the progress of the action. This principle is enunciated and applied in a long line of decisions in this State. See *Henderson County v. Smyth,* 216 N.C. 421, 5 S.E. 2d 136, where prior cases are listed, including *Burroughs v. McNeill,* 22 N.C. 297, and *Branch v. Houston,* 44 N.C. 85. See also *McCune v. Mfg. Co.,* 217 N.C. 351, 8 S.E. 2d 219; *Edwards v. McLawhorn,* 218 N.C. 543, 11 S.E. 2d 562; *S. v. King,* 222 N.C. 137, 22 S.E. 2d 241; *Shepard v. Leonard,* 223 N.C. 110, 25 S.E. 2d 445; *Hopkins v. Barnhardt,* 223 N.C. 617, 27 S.E. 2d 644; *Ridenhour v. Ridenhour,* 225 N.C. 508, 35 S.E. 2d 617; *Brissie v. Craig,* 232 N.C. 701, 62 S.E. 2d 330; *Bailey v. McPherson,* 233 N.C. 231, 63 S.E. 2d 559.

In *Burroughs v. McNeill, supra,* it is stated: "The instant that the court perceives that it is exercising, or is about to exercise, a forbidden or ungranted power, it ought to stay its action, and, if it does not, such action is, in law, a nullity."

And to like effect is *Branch v. Houston, supra,* where *Pearson, J.,* wrote: "If there be a defect, *e.g.,* a total want of jurisdiction apparent upon the face of the proceedings, the court will of its own motion, 'stay, quash, or dismiss' the suit. This is necessary to prevent the court from being forced into an act of usurpation, and compelled to give a void judgment . . . So, *ex necessitate,* the court may, on plea, suggestion, motion, or *ex mero motu,* where the defect of jurisdiction is apparent, stop the proceedings."

These principles have been applied all through subsequent decisions, even to the present time.

What then is the jurisdiction granted to an Emergency Judge by the Constitution and laws of North Carolina? Article IV, Section 11, of the Constitution of North Carolina, as amended, pursuant to proposal submitted under Chapter 775 of 1949 Session Laws of North Carolina, and adopted at the General Election on 7 November, 1950, declares, in pertinent part, that: "The General Assembly may provide by general laws for the selection or appointment of special or emergency superior court judges not assigned to any judicial district, who may be designated from time to time by the *Chief Justice* to hold court in any district or districts within the State; and the General Assembly shall define their jurisdiction . . ."

And the General Assembly, implementing Article IV, Section 11, of the Constitution, as so amended, enacted Chapter 88 of 1951 Session Laws of North Carolina, in which G.S. 7-52 was rewritten to read, in pertinent part, as follows: "Jurisdiction of Emergency Judges: Emergency Superior Court Judges are hereby vested with the same power and authority in all matters whatsoever, in the courts in which they are assigned to hold,

LEWIS *v.* HARRIS.

that regular judges holding the same courts would have. An emergency judge duly assigned to hold the courts of a county or judicial district shall have the same powers in the district in open court and in chambers as the resident judge or any judge regularly assigned to hold the courts of the district would have, which jurisdiction in chambers shall extend until the term is adjourned or the term expires by operation of law, whichever is later."

Thus it appears that the power and authority given to emergency judges are to be exercised only "in the courts in which they are assigned to hold," but that the jurisdiction of an emergency judge "in chambers" terminates with the termination of the term of court which he is assigned to hold.

In the light of these provisions, applied to case in hand, it is seen that this action was pending, and at issue on the civil issue docket of the Superior Court of Pamlico County, and the motion of substituted defendants was made in that cause—and not at term time. Such motion can be heard "at term," and only in that county. *Shepard v. Leonard, supra.* And Judge Grady had no commission to hold, and was not holding a term of court in Pamlico County when the motion was made and heard. Moreover, the order was made after the termination of the February Term, 1953, of Superior Court of Pitt County, and at Pine Crest, N. C., the home of Judge Grady in Craven County. Thus he had no jurisdiction over the motion, and could not acquire it by waiver or consent. *McCune v. Mfg. Co., supra.*

Indeed, the cause was before Judge Grady in Pitt County only because he as an Emergency Judge was assigned and commissioned to hold, and was holding the February Civil Term, 1953, of the Superior Court of that county.

It was before him for only one purpose, and that is for hearing on the order, and notice to substituted defendants, to show cause why the temporary injunction should not be continued to the final hearing. It was before him then only as the action was constituted on the civil issue docket of Pamlico County. And it does not appear that there was a ruling on this matter.

Too, it is appropriate to note that the case of *Shepard v. Leonard, supra,* cited as authority in support of jurisdiction, relates to jurisdiction of a special judge as it existed prior to the amendment to the Constitution as above set forth, and before later enactment of the General Assembly defining jurisdiction of emergency judges.

For reasons stated Judge Grady, as an Emergency Judge, was without jurisdiction to hear and pass upon the motion of the substituted defendants. Hence the order, abating the action, is a nullity, and is so held to be.

For reasons stated, the judgment from which the appeal is taken is
　Reversed.