JAMES F. BOWEN AND JAMES G. BOWEN, BY HIS GUARDIAN *ad litem*, JAMES F. BOWEN v. HODGE MOTOR COMPANY

No. 7518DC989

(Filed 19 May 1976)

1. **Courts § 13— expiration of session of district court**

 A session of district court will be deemed to have terminated on the date the words "Court expires" were recorded in the court minutes, although the parties disagreed on the meaning of those words.

2. **Courts § 11.1— chambers matters — authority of district court judge**

 While chambers matters may be heard by the chief district judge at any time and place within the district, other district judges have no authority to hear chambers matters out of session except upon written order or rule of the chief district judge. G.S. 7A-192.

3. **Appeal and Error § 15; Rules of Civil Procedure § 41— post-trial motion for voluntary dismissal — abandonment of appeal from directed verdict**

 Since the purpose of plaintiff's post-trial motion under Rule 41(a)(2) voluntarily to dismiss the action without prejudice was to obviate the effect of a directed verdict for defendant, the motion for voluntary dismissal and the proceedings thereon constituted an abandonment of plaintiff's appeal from the directed verdict for defendant, and the trial court then had authority to grant plaintiff's motion for voluntary dismissal.

4. **Rules of Civil Procedure § 41— voluntary dismissal after directed verdict**

 The trial court did not abuse its discretion in granting plaintiff's post-trial motion for voluntary dismissal without prejudice after having directed a verdict for defendant.

APPEAL by defendant from *Washington, Judge*. Orders entered 5 August 1975 and 12 August 1975, District Court, GUILFORD County. Heard in the Court of Appeals 17 March 1976.

This action to recover damages for personal injury came on for trial at the 28 July 1975, Civil Session, High Point Division, District Court. A jury was duly sworn and empaneled on 30 July 1975. The motions of defendant for directed verdict at the close of plaintiff's evidence and at the close of all the evidence were denied, but on the following morning, 31 July 1975, Judge Washington reconsidered and granted defendant's motion. Plaintiff gave notice of appeal. After court business on 31 July 1975, the following entry appears in the court minutes: "Court expires."

---

---

On 1 August 1975, plaintiff filed a motion to voluntarily dismiss the action without prejudice. After leaving on 5 August, Judge Washington entered an order dismissing the action without prejudice. On 7 August, defendant filed a motion to vacate the dismissal order of 5 August. This motion after hearing was denied.

Defendant appeals from the order of dismissal without prejudice entered on 5 August 1975, and from the order denying his motion to vacate.

*Bencini, Wyatt, Early & Harris by A. Doyle Early, Jr., for plaintiff appellees.*

*Henson, Donahue & Elrod by Richard L. Vanore for defendant appellant.*

CLARK, Judge.

The defendant contends that (1) the district court had no jurisdiction after directing the verdict for defendant on 31 July 1975 and plaintiff gave notice of appeal to thereafter order a voluntary dismissal without prejudice, and (2) the district court was in error in granting the voluntary dismissal after directed verdict.

The general rule is that an appeal takes the case out of the jurisdiction of the trial court. Exceptions to the general rule are:

(1) Notwithstanding notice of appeal a cause remains *in fieri* during the term in which the judgment was rendered, and

(2) The trial judge, after notice and on proper showing, may adjudge the appeal has been abandoned.

*Sink v. Easter,* 288 N.C. 183, 217 S.E. 2d 532 (1975); *Wiggins v. Bunch,* 280 N.C. 106, 184 S.E. 2d 879 (1971).

All proceedings of a court of record *in fieri* are under the absolute control of the trial judge, subject to be amended, modified or annulled at any time before the expiration of the term in which they are done. *Green v. Insurance Co.,* 233 N.C. 321, 64 S.E. 2d 162 (1951).

[1] The district court minutes show that the session of court expired on 31 July 1975. Plaintiff and defendant disagree on

Bowen v. Motor Co.

the meaning of the words "Court expires" as recorded in the court minutes as applied to that session, but we are bound by the record on appeal, not arguments in the briefs, and we find from this record that the session terminated on 31 July 1975.

[2]   G.S. 7A-190, providing that district courts shall be deemed open for the disposition of matters properly cognizable by them, and G.S. 7A-191 providing that trials shall be conducted in open court and that chambers matters may be heard at any time and place within the district, are both subject to the provisions of G.S. 7A-192. This statute provides that district judges preside over sessions of court as assigned by the Chief District Judge. Chambers matters may be heard by the Chief District Judge at any time and place within the district, but other district judges have no authority to hear chambers matters out of session except upon written order or rule of the Chief District Judge. See *Austin v. Austin*, 12 N.C. App. 286, 183 S.E. 2d 420 (1971).

We find from the record before us that the district court to which Judge Washington was assigned was not in session on 1 August 1975, when the motion for voluntary dismissal was made, or on 5 August 1975, when the order of dismissal was entered. But the question whether Judge Washington had authority to hear the post-trial chambers matters on 5 August 1975, is not before us since all parties appeared before him at this hearing and did not question his authority. Since the district court was not in session after 31 July 1975, the first exception to the general rule, that an appeal takes the case out of the jurisdiction of the trial court, is not applicable in this case.

[3]   We turn now to the second exception: Did plaintiff's motion of 1 August 1975 to voluntarily dismiss his action without prejudice and the subsequent appearance of the parties at the hearing thereon constitute an abandonment of his appeal from the directed verdict for the defendant?

In the recent case of *Sink v. Easter, supra,* the trial court granted defendant's motion to dismiss on the ground that plaintiff's action was barred by the statute of limitations; plaintiff appealed, and then filed a motion seeking relief from the dismissal, but the trial court ruled that it had no jurisdiction to consider the motion, but on 1 April 1974 the trial judge informed the parties that he would reconsider his ruling. It was

held that the proceedings of 1 April 1974 constituted an adjudication that plaintiff's appeal on his Rule 60(b) motion was abandoned; that the plaintiff by appearing at the hearing gave notice of his intention to abandon the same; and that the trial court had jurisdiction to reconsider the prior denial of plaintiff's motion seeking relief from the dismissal of his action.

In *Reavis v. Campbell,* 27 N.C. App. 231, 218 S.E. 2d 873 (1975), the trial court granted defendant's motion for summary judgment; plaintiff appealed; plaintiff then moved in the trial court to set aside the summary judgment; the motion was granted. On appeal by defendant, it was held the proceedings in the trial court constituted an adjudication by the trial court that plaintiff's appeal had been abandoned, citing *Sink v. Easter, supra.* See also *Leggett v. Smith-Douglas Co.,* 257 N.C. 646, 127 S.E. 2d 222 (1962); and *Williams v. Contracting Co.,* 257 N.C. 769, 127 S.E. 2d 554 (1962).

Though in the present case the plaintiff's motion to voluntarily dismiss without prejudice was not a direct attack upon the directed verdict for defendant, the purpose of the motion was to obviate the effect of the directed verdict, which would have been a final judgment if unchallenged by plaintiff. Therefore, this motion under Rule 41(a)(2) and the proceedings thereon constitute an abandonment of the appeal from the directed verdict for defendant, and we so hold.

[4]   Did the trial court err in granting the G.S. 1A-1, Rule 41(a)(2) motion of plaintiff for voluntary dismissal without prejudice after entering the directed verdict for defendant?

Rule 41(a)(1) provides that plaintiff has the right to a voluntary dismissal at any time before he rests his case or by filing a stipulation of dismissal signed by all parties. In the case before us, plaintiff's motion for voluntary dismissal was made under Rule 41(a)(2), which provides that, except as provided in subsection (1), *supra,* an action shall not be dismissed at the plaintiff's instance "save upon order of the judge and upon such terms and conditions as justice requires."

The rule prescribes no time limit on the right of the plaintiff to move for a voluntary dismissal with the court's permission.

In *Kelly v. Harvester Co.,* 278 N.C. 153, 179 S.E. 2d 396 (1971), the court stated: "When a motion for a directed verdict

Bowen v. Motor Co.

under Rule 50(a) is granted, the defendant is entitled to judgment unless the Court permits a voluntary dismissal of the action under Rule 41(a)(2). Under this rule, at the instance of the plaintiff, the Court may permit a voluntary dismissal upon such terms and conditions as justice requires."

In *King v. Lee,* 279 N.C. 100, 181 S.E. 2d 400 (1971), the court sustained the trial court's granting of a motion for a directed verdict, then remanded the case to the trial court for the purpose of permitting the plaintiff to consider making a motion for voluntary dismissal, which the trial court could grant or deny in the exercise of its discretion.

Shuford, N. C. Civil Practice and Procedure, at § 41-5 states:

> "In attempting to obtain a second chance by means of a voluntary dismissal without prejudice under Rule 41(a)(2), the plaintiff must convince the judge that he has a meritorious claim and that his evidence was insufficient without fault on his part, or merely technically insufficient, and that it is probable that the evidence would be sufficient on a second trial. The judge passes on the plaintiff's motion in the exercise of his discretion and his ruling will not be disturbed on appeal in the absence of a showing of abuse of discretion."

We conclude that plaintiff's appeal from the directed verdict for defendant has been abandoned, that the trial court had the authority to grant plaintiff's motion for voluntary dismissal and defendant has shown no abuse of discretion by the court in so doing. The order of the district court granting the voluntary dismissal is

Affirmed.

Judges BRITT and PARKER concur.