SUE HIGGINS STROUPE v. STEPHEN HILLARD STROUPE

No. 103

(Filed 6 January 1981)

**Courts § 14— district court judge — no authority to enter interlocutory order**

The judgment entered by a district court judge in favor of plaintiff which directed, among other things, that defendant immediately pay to plaintiff's attorney a certain sum for legal services rendered was interlocutory and was void since the district court judge who entered the order had not been assigned by the chief district judge to preside over a session of court in the county where the judgment was entered, nor was he authorized by order or rule entered by the chief judge to hear motions and enter interlocutory orders on that date. Moreover, though defendant did not perfect his appeal from such judgment, defendant did not lose his right to attack the judgment since the record indicated that the appeal was not taken because of an agreement between the parties' counsel to vacate the order in question. G.S. 7A-146.

ON discretionary review of the unpublished decision of the Court of Appeals, 46 N.C. App. 123, 265 S.E.2d 252 (1980), affirming judgment of *Crotty, J.*

The facts pertinent to the disposition of this appeal appear to be as follows:

1. Plaintiff instituted this action against defendant on 31 December 1976 seeking alimony without divorce, temporary alimony, child custody and child support. Defendant filed answer denying plaintiff's allegations and counterclaiming for an absolute divorce.

2. A hearing was held by Judge Bill J. Martin, and on 8 February 1977 a judgment was entered in favor of plaintiff. The judgment directed, *inter alia*, that defendant immediately pay to Douglas F. Powell, plaintiff's attorney, the sum of $1,000 for

legal services rendered. Defendant filed notice of appeal from the judgment but the appeal was not perfected.

3. Mr. Powell was discharged as plaintiff's attorney on 21 July 1977 although he continued to appear as her attorney of record.

4. On 22 July 1977 plaintiff and defendant entered into an agreement stipulating that all matters in controversy had been compromised and settled. The agreement further indicated that each party thereby took a voluntary dismissal with prejudice of his or her claims against the other, and that all orders of the court entered during the pendency of the cause "are hereby declared null and void, *ab initio*, and shall be hereby vacated."

5. On 7 September 1977 Mr. Powell filed a motion in the cause seeking to recover attorney fees from defendant for services rendered to plaintiff. A hearing was held, and, on 10 October 1977, the trial court entered a judgment ordering defendant to pay Mr. Powell $1,000. Defendant appealed.

6. The Court of Appeals, in an unpublished decision, *Stroupe v. Stroupe*, 39 N.C. App. 735, 251 S.E.2d 732 (1979), filed on 6 February 1979, vacated the 10 October 1977 judgment. The court held that on the limited record before it, there was nothing to show that the 8 February 1977 judgment was invalid; that while the "Stipulations of Dismissal" entered into between the parties on 22 July 1977 may have amounted to a contract between the parties to forego their rights under the judgment, their agreement did not void the judgment or "alter the rights of others under the judgment"; and that the hearing held on 10 October 1977 relitigated issues that were determined by the 8 February 1977 judgment.

7. On 27 March 1979 attorney Powell filed a motion in the cause asking that defendant be adjudged in contempt of court for failing to pay counsel fees as ordered by the 8 February 1977 judgment. In a response to this motion, defendant alleged that the 8 February 1977 judgment was entered by Judge Martin; that it was entered pursuant to a hearing of which defendant did not have proper notice; that Judge Martin did not have authority to conduct said hearing because it was held out of term by a judge not scheduled to hold court in Burke County; that defendant gave notice of appeal from said judgment; that he did not perfect the appeal because counsel for plaintiff, Mr. Powell, assured defendant's counsel that he would agree to have the judgment vacated; and that Mr.

Powell failed to comply with that agreement.

8. At the 14 May 1979 Session of District Court for Burke County, Judge Crotty conducted a hearing on Mr. Powell's motion that defendant be adjudged in contempt of court for failure to comply with the 8 February 1977 judgment. Following the hearing, Judge Crotty entered a judgment finding facts and making conclusions of law summarized in pertinent part as follows:

(a) That due to the 'complicated legal posture' of this case, defendant was not found in willful contempt of court; however, to show good faith, defendant would be required to deposit with the Clerk of Superior Court $1,153 to be held by said Clerk pending a final determination of the cause by the Appellate Division.

(b) That while the court found that the judgment dated 8 February 1977, was valid on its face, the court took judicial notice of the opinion of the Supreme Court in In re Martin, 295 N.C. 291, 296, 245 S.E.2d 766, 769 (1978), wherein this Court observed that the Judicial Standards Commission had found as a fact: 'That on 8 February 1977 in the case *SUE HIGGINS STROUP V. STEPHEN HILLARD STROUP* [*sic*], 76CVD834, Burke County, the Respondent knowingly presided at a hearing out of term when Respondent was not scheduled to hold court in Burke County and entered a judgment for the plaintiff in the case in the absence of the defendant or defendant's counsel and with knowledge that proper notice as required by law had not been given the defendant or Stephen T. Daniel, Jr., attorney for the defendant.'

(c) That the court was bound by the decision of the Court of Appeals upholding the validity of the 8 February 1977 judgment.

(d) That with respect to the question of notice of the hearing held on 8 February 1977, the court noted the finding of this court in *In re Martin* that '[T]he only showing of actual notice to the defendant's counsel as to the time of the hearing at which judgment was entered was one hour before the Trial Judge began to receive evidence. This conduct did not afford the Defendant Stroup [*sic*] or his counsel the right to be heard according

to the law and was, in effect, a willful *ex parte* considera-
tion of the proceeding without proper legal notice to the
defendant or his counsel.' In re Martin, 295 N.C. at 305,
245 S.E.2d at 774.

(e) That Judge Martin was not scheduled to hold court
in Burke County on 8 February 1977, nor was the case
scheduled to be heard on said date; that there are weeks
when the judges of the 25th Judicial District are not
assigned to hold court and are not scheduled to hold
judicial hospitalization hearings at Broughton Hospital;
that upon such occasions, the judges had been making
themselves available to hold hearings to eliminate the
backlog of domestic cases; that such hearings were only
held out of term with the consent of both parties and their
counsel; that neither the defendant nor his attorney con-
sented to the hearing held out of term on 8 February
1977; that defendant's counsel, upon being summoned to
the hearing by telephone on the morning of 8 February
1977, appeared at the hearing and objected thereto and
moved that the hearing be continued until such time as
defendant had received proper legal notice.

9. The Court of Appeals affirmed the judgment of Judge Crotty
in an unpublished opinion, holding that "mere informalities" in
procedure could be waived and that a party could be estopped to
attack a judgment by failing to object in apt time and by acquiesc-
ing in the judgment so rendered. Speaking for the court, Judge Hill
concluded that since the defendant had not perfected his appeal,
nor had he consumated the agreement to vacate the judgment, it
remained in full force and effect.

10. Defendant's petition for discretionary review of the deci-
sion of the Court of Appeals was allowed on 15 August 1980 by this
court.

*Hatcher, Sitton, Powell & Settlemyer, P.A., by Douglas F. Pow-
ell, for plaintiff.*

*Stephen T. Daniel, Jr. for defendant.*

BRITT, Justice.

While numerous questions are suggested by this appeal, we
think there are two questions which are dispositive: (1) Was the 8

February 1977 judgment void? (2) If so, has defendant lost his right to attack the judgment? We answer the first question yes and the second question no.

G.S. § 7A-192 provides in pertinent part:

Any district judge may hear motions and enter interlocutory orders in causes regularly calendared for trial or for the disposition of motions, at any session to which the district judge has been assigned to preside. The chief district judge and any district judge designated by written order or rule of the chief district judge, may in chambers hear motions and enter interlocutory orders in all causes pending in the district courts of the district, including causes transferred from the superior court to the district court under the provisions of this chapter....

The quoted statute makes it clear that the authority of a district judge, other than the chief district judge, to hear motions and enter interlocutory orders in cases pending in the district court is a special authority which is limited by statute. *See Austin v. Austin,* 12 N.C. App. 286, 183 S.E.2d 420 (1971). Under the provisions of the first portion of the quoted statute, before a district court judge, other than the chief district judge, may hear motions and enter interlocutory orders at any session of district court in cases calendared for trial or hearing at such session, he must be first assigned by the chief district judge under the provisions of G.S. § 7A-146 to preside at such session. *Austin v. Austin, supra.* Chambers matters may be heard by the chief district judge at any time and place within the district, but other district judges have no authority to hear chambers matters out of session except upon written order or rule of the chief district judge. *Bowen v. Hodge Motor Co.,* 29 N.C. App. 463, 224 S.E.2d 699 (1976), *rev'd. on other grounds,* 292 N.C. 633, 234 S.E.2d 748 (1977). *See also Jim Walter Homes, Inc. v. Peartree,* 28 N.C. App. 709, 222 S.E.2d 706 (1976).

This court takes judicial notice of the fact that Judge Martin was not the chief judge of the 25th Judicial District on 7 February 1977. The record before us establishes that he had not been assigned by the chief district judge to preside over a session of the court in Burke County on said date and he was not authorized by order or rule entered by the chief judge to hear motions and enter interlocutory orders on said date. The judgment in question was interlocutory.

Since the district courts are comparatively new in our state, there have been very few rulings by the appellate division relating to jurisdiction and whether the order or judgment entered when the court has no jurisdiction is a nullity or is merely irregular. However, we think that decisions of this court relating to powers of special and emergency judges of the superior court under the former practice are instructive.

In *Lewis v. Harris*, 238 N.C. 642, 78 S.E.2d 715 (1953), an emergency judge entered an order in a case when he was not sitting in the county in which the action was pending but he was holding court in the district. This court held that the order was a nullity and that an objection to such lack of jurisdiction may be made at anytime during the progress of the action, citing numerous decisions of this court. In the opinion, Justice Winborne quoted from *Burroughs v. McNeill*, 22 N.C. 297, 301 (1839), as follows:

> The instant that the court perceives that it is exercising, or is about to exercise, a forbidden or ungranted power, it ought to stay its action, and, if it does not, such action is, in law, a nullity. 238 N.C. at 646, 78 S.E.2d at 717.

Justice Winborne further quoted from *Branch v. Houston*, 44 N.C. 85, 88 (1852), in which Justice Pearson observed:

> If there be a defect, *e.g.*, a total want of jurisdiction apparent upon the face of the proceedings, the court will of its own motion, 'stay, quash, or dismiss' the suit. This is necessary to prevent the court from being forced into an act of usurpation, and compelled to give a void judgment ... so, (out of necessity) the court may, on plea, suggestion, motion, or *ex mero motu*, where the defect of jurisdiction is apparent, stop the proceedings. 238 N.C. at 646, 78 S.E.2d at 717-18.

The judgment from which defendant now appeals was void, and remains void, for the simple reason that Judge Martin was utterly without jurisdiction to proceed in the matter. *See generally* 2 McIntosh North Carolina Practice and Procedure § 1713 (2d ed. 1956). A void judgment is not a judgment at all, and it may always be treated as a nullity because it lacks an essential element of its formulation. *See Clark v. Carolina Homes, Inc.*, 189 N.C. 703, 128 S.E. 20 (1925).

In *Carter v. Rountree*, 109 N.C. 29, 32, 13 S.E. 716, 717 (1891), Chief Justice Merrimon aptly observed that

> A void judgment is one that has merely semblance, without some essential element or elements, *as when the court purporting to render it has not jurisdiction.*
>
> * * *
>
> A void judgment is without life or force, and the court will quash it on motion, or *ex mero motu.* Indeed, when it appears to be void, it may and will be ignored everywhere, and treated as a mere nullity. (Emphasis added.)

It follows, therefore, that in such instances, collateral attack is a permissible manner of seeking relief.

We conclude that the Court of Appeals misapprehended the matter before it in the present case. An absence of jurisdiction does not comport with the concept of a "mere informalit[y]." Indeed, it strikes at the very foundation of the court's authority and ability to take action in matters which come before it.

Furthermore, we are unable to agree that defendant has acted in such a manner as to raise an estoppel. While it is true that defendant did not perfect his appeal, the record indicates that the action was not taken because of an agreement to vacate the order in question. It appears to us that from the very beginning of this matter, defendant's counsel acted in a reasonable manner to safeguard the interests of his client. We find no basis upon which to conclude that the principles of estoppel ought to apply.

The decision of the Court of Appeals is

Reversed.