NO. COA 13-1107

NORTH CAROLINA COURT OF APPEALS

Filed: 1 July 2014


In the Matter of the Appeal of:

Becky King Properties, LLC from
the decision of the Brunswick          From the North Carolina
County Board of Equalization and       Property Tax Commission
Review Concerning the Valuation             12 PTC 1074
And Taxation of Real Property for
Tax Year 2012

_____


In the Matter of the Appeal of:
Coastal Communities at Seawatch,
LLC from the decision of the           From The North Carolina
Brunswick County Board of              Property Tax Commission
Equalization and Review                     12 PTC 1075
Concerning the Valuation and
Taxation of Real Property for Tax
Year 2012

_____


In the Matter of the Appeal of:
Coastal Communities at Ocean
Ridge Plantation, LLC from the         From The North Carolina
Decision of the Brunswick County       Property Tax Commission
Board of Equalization and Review            12 PTC 1076
Concerning the Valuation and
Taxation of Real Property for Tax
Year 2012

_____


In the Matter of the Appeal of:
Coastal Communities Development,
LLC from the decision of the           From the North Carolina
Brunswick County Board of              Property Tax Commission
Equalization and Review                     12 PTC 1077
Concerning the Valuation and
Taxation of Real Property for Tax
Year 2012

_____

In the Matter of the Appeal of:
Coastal Development & Realty
Builder, LLC from the decision of
the Brunswick County Board of
Equalization and Review
Concerning the Valuation and
Taxation of Real Property for
Tax Year 2012

From The North Carolina
Property Tax Commission
12 PTC 1079

In the Matter of the Appeal of:
Drewmark Investments, LLC from the
decision of the Brunswick County
Board of Equalization and
Review Concerning the Valuation
and Taxation of Real Property for
Tax Year 2012

From The North Carolina
Property Tax Commission
12 PTC 1080

In the Matter of the Appeal of:
Eagle Point, LLC from the
decision of the Brunswick County
Board of Equalization and
Review Concerning the Valuation
and Taxation of Real Property for
Tax Year 2012

From The North Carolina
Property Tax Commission
12 PTC 1081

In the Matter of the Appeal of:
Eastern Carolina's Construction &
Development, LLC from the
decision of the Brunswick County
Board of Equalization and
Review Concerning the Valuation
and Taxation of Real Property for
Tax Year 2012

From The North Carolina
Property Tax Commission
12 PTC 1082

In the Matter of the Appeal of:
Georgetown Land & Timber, LLC
from the decision of the

From The North Carolina

| | |
|---|---|
| Brunswick County Board of Equalization and Review Concerning the Valuation and Taxation of Real Property for Tax Year 2012 | Property Tax Commission 12 PTC 1083 |

---

| | |
|---|---|
| In the Matter of the Appeal of: MAS Properties, LLC from the decision of the Brunswick County Board of Equalization and Review Concerning the Valuation and Taxation of Real Property for Tax Year 2012 | From The North Carolina Property Tax Commission 12 PTC 1084 |

---

| | |
|---|---|
| In the Matter of the Appeal of: McDonald Development Associates, LLC from the decision of the Brunswick County Board of Equalization and Review Concerning the Valuation and Taxation of Real Property for Tax Year 2012 | From The North Carolina Property Tax Commission 12 PTC 1085 |

---

| | |
|---|---|
| In the Matter of the Appeal of: Ocean Isle Palms, LLC from the decision of the Brunswick County Board of Equalization and Review Concerning the Valuation and Taxation of Real Property for Tax Year 2012 | From The North Carolina Property Tax Commission 12 PTC 1086 |

---

| | |
|---|---|
| In the Matter of the Appeal of: Pointe West, LLC from the decision of the Brunswick County Board of Equalization and Review Concerning the Valuation and Taxation of Real Property for Tax Year 2012 | From The North Carolina Property Tax Commission 12 PTC 1087 |

---

In the Matter of the Appeal of:

| | |
|---|---|
| Remuda Run, LLC from the decision of the Brunswick County Board of Equalization and Review Concerning the Valuation and Taxation of Real Property for Tax Year 2012 | From The North Carolina Property Tax Commission 12 PTC 1088 |

---

| | |
|---|---|
| In the Matter of the Appeal of: Rivers Edge Golf Club & Plantation, LLC from the decision of the Brunswick County Board of Equalization and Review Concerning the Valuation and Taxation of Real Property for Tax Year 2012 | From The North Carolina Property Tax Commission 12 PTC 1089 |

---

| | |
|---|---|
| In the Matter of the Appeal of: SeaScape at Holden Plantation, LLC from the decision of the Brunswick County Board of Equalization and Review Concerning the Valuation and Taxation of Real Property for Tax Year 2012 | From The North Carolina Property Tax Commission 12 PTC 1090 |

---

| | |
|---|---|
| In the Matter of the Appeal of: Seawatch at Sunset Harbor, LLC from the decision of the Brunswick County Board of Equalization and Review Concerning the Valuation and Taxation of Real Property for Tax Year 2012 | From The North Carolina Property Tax Commission 12 PTC 1091 |

---

| | |
|---|---|
| In the Matter of the Appeal of: William E. Saunders Jr., Trustee from the decision of the Brunswick County Board of Equalization and Review Concerning the Valuation and Taxation of Real Property for Tax Year 2012 | From The North Carolina Property Tax Commission 12 PTC 1092 |

---

Appeal by Brunswick County from orders entered by the Property Tax Commission on 17 May 2013. Heard in the Court of Appeals 4 March 2014.

*Elaine Jordan for taxpayer-appellees.*

*Parker Poe Adams & Bernstein LLP, by Charles C. Meeker and Jamie S. Schwedler and Office of County Attorney, by Bryan W. Batton for defendant-appellant.*

STEELMAN, Judge.

Where the County appeals from interlocutory orders of the Property Tax Commission, its appeals must be dismissed. Appeals from the Commission are not subject to a "substantial right" exception, and the County's contentions that the Commission lacked subject matter jurisdiction to enter the orders, and that the orders are therefore void, do not create a right to immediate review of the orders.

## I. Factual and Procedural Background

In 2012 appellant Brunswick County ("County") conducted a revaluation of real property in the county for purposes of establishing *ad valorem* property tax assessments. Following the revaluation, taxpayers Becky King Properties, LLC; Coastal Communities at Seawatch, LLC; Coastal Communities at Ocean Ridge Plantation, LLC; Coastal Communities Development, LLC; Coastal

Development & Realty Builder, LLC; Drewmark Investments, LLC; Eagle Point, LLC; Eastern Carolina's Construction & Development, LLC; Georgetown Land & Timber, LLC; MAS Properties, LLC; McDonald Development Associates, LLC; Ocean Isle Palms, LLC; Pointe West, LLC; Remuda Run, LLC; Rivers Edge Golf Club & Plantation, LLC; SeaScape at Holden Plantation, LLC; Seawatch at Sunset Harbor, LLC; and William E. Saunders Jr., Trustee (collectively, Taxpayers) appealed to the Brunswick County Board of Equalization and Review. In early July 2012 the Board of Equalization and Review mailed decisions to Taxpayers, denying their appeals. On 1 August 2012 Taxpayers sent notices of appeal to the North Carolina Property Tax Commission ("Commission") via United Parcel Service Next Day Air. Commission received Taxpayers' notices of appeal on 2 August 2012.

On 13 August 2012 County filed motions to dismiss Taxpayers' appeals to Commission for failure to file their appeals in a timely manner. N.C. Gen. Stat. § 105-290(e) requires that a notice of appeal "from a board of equalization and review shall be filed with the Property Tax Commission within 30 days after the date the board mailed a notice of its decision to the property owner." County asserted that Taxpayers filed their notices of appeal on the 31st day and thus failed to comply with the 30 day requirement. On 19 October 2012 Commission conducted a hearing on County's

motions to dismiss. At the end of the hearing, Commission indicated that it would grant County's motions for dismissal. The record reflects that on 14 December 2012 Commission entered an order granting County's motion to dismiss the appeal of Becky King Properties. Becky King Properties filed a notice of appeal and exceptions on 11 January 2013.[1]

On 17 May 2013 Commission filed orders reversing its October 2012 dismissal of Taxpayers' appeals to Commission. The orders are identical except for the names of the taxpayers, and state that:

> During the March 12, 2013 Administrative Session of Hearings, the Property Tax Commission ("Commission"), on its own motion, reviewed the dismissal of this appeal, and for good cause shown, now deems it appropriate to deny Brunswick County's motion to dismiss the matter. It is therefore ordered and decreed that Brunswick County's motion to dismiss this appeal is denied in all respects.

---

[1] The parties stipulate that Commission also entered orders dismissing the appeals of the other seventeen taxpayers, and that these taxpayers also filed notices of appeal and exceptions. These orders and notices of appeal are not to be found in the record. As a result, we have no way to determine whether these taxpayers filed timely notices of appeal to this Court. Nor does the record include any documents indicating whether the appeals of any taxpayers (other than those whose properties were later purchased by the North Myrtle Liquidating Trust) were perfected or whether any of these taxpayers sought to withdraw their appeals. "[T]his Court is bound on appeal by the record on appeal as certified and can judicially know only what appears in it." *State v. Lawson*, 310 N.C. 632, 641, 314 S.E.2d 493, 499 (1984) (citing *State v. Gibbs*, 297 N.C. 410, 255 S.E. 2d 168 (1979) (other citations omitted). However, we have resolved this case based on the interlocutory nature of County's appeal, despite these omissions from the record.

On 14 June 2013 County filed notices of appeal from Commission's orders reversing its earlier rulings and denying County's motions to dismiss Taxpayers' appeals to Commission.

On 7 November 2013 the North Myrtle Liquidating Trust ("Trust") filed a motion in this Court seeking to substitute itself for certain taxpayers for purposes of this appeal. Trust asserted that five taxpayers (Coastal Communities at Ocean Ridge Plantation, LLC; Drewmark Investments, LLC; Eagle Point, LLC; McDonald Development Associates, LLC; and Ocean Isle Palms, LLC) had conveyed all of their properties to Trust, and that seven other taxpayers (Becky King Properties, LLC; Coastal Communities at Seawatch, LLC; Coastal Communities Development, LLC; Eastern Carolina's Construction & Development, LLC; MAS Properties, LLC; Rivers Edge Golf Club & Plantation, LLC; and Seawatch at Sunset Harbor, LLC) had conveyed some but not all of their properties to Trust. On 22 November 2013 Trust's motion was allowed. On 9 December 2013 Trust filed a motion for dismissal of its appeal with respect to properties owned by Trust. The motion asserted that Trust and County had "resolved their dispute by settlement" with regard to properties owned by Trust, and that as "a condition of settlement, the Trust agreed to dismiss its challenge to the County's 2012 tax assessments of the Trust properties" and that County had "agreed to dismiss [its] appeal as it concerns the Trust

Properties." This motion was granted on 11 December 2013, so the present appeal concerns only the properties that were not transferred to Trust.

## II. Interlocutory Appeal

We first address Taxpayers' argument that County's appeal should be dismissed as interlocutory. "An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950). Commission's orders denying County's motions to dismiss Taxpayers' appeals to Commission are interlocutory, as Taxpayers' challenges to County's revaluation of their properties remain unresolved.

Appeal from an order of Commission to this Court is governed by N.C. Gen. Stat. § 7A-29(a), which provides that "[f]rom any final order or decision of . . . the Property Tax Commission under G.S. 105-290 and G.S. 105-342 . . . appeal as of right lies directly to the Court of Appeals." The statute expressly limits the right of appeal to appeals from a "final order or decision." Moreover, N.C. Gen. Stat. § 7A-29 does not make an exception for interlocutory orders in which a substantial right of the appellant is in jeopardy. Therefore, we do not consider County's argument

that it is entitled to immediate review to protect its "substantial right" to avoid the waste of "significant resources."

County asserts that after Taxpayers entered notices of appeal, Commission was divested of jurisdiction and lacked subject matter jurisdiction to enter the subsequent orders reversing its earlier dismissal of Taxpayers' appeals. However, an appellant does not obtain a right to immediate review of an interlocutory order simply by arguing that the tribunal lacked subject matter jurisdiction to enter the interlocutory order. *Data Gen. Corp. v. Cty. of Durham*, 143 N.C. App. 97, 100, 545 S.E.2d 243, 246 (2001) ("denial of a motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction is not immediately appealable") (citing *Teachy v. Coble Dairies, Inc.*, 306 N.C. 324, 293 S.E.2d 182 (1982)).

County also attempts to draw a distinction between appeals from the denial of a motion to dismiss based on lack of subject matter jurisdiction and an appeal based on a party's assertion that an order was "void." However, we agree with Taxpayers that "[t]here is no such distinction" given that "a trial tribunal order issued without subject-matter jurisdiction is void — that's the very effect of lack of subject-matter jurisdiction and the most common reason for an order being void."

County argues that "[v]oid orders are not analyzed as 'final' or 'interlocutory' on appeal[.]" None of the cases that County cites in support of this position hold that an unappealable interlocutory order will be reviewed by this Court merely because an appellant raises the argument that the underlying order was "void."[2] For example, County relies heavily upon *Stroupe v. Stroupe*, 301 N.C. 656, 273 S.E.2d 434 (1981), and asserts that in *Stroupe*, our Supreme Court "noted that the judgment appealed from was interlocutory, then analyzed whether a direct or indirect attack was permissible without requiring the order to be final" and that *Stroupe* found "an interlocutory order void on appeal." However, although the order at issue in *Stroupe* had been interlocutory when it was originally entered, the appeal was taken from a final judgment. *Stroupe* did not address the appeal from an interlocutory order, and did not hold that if a party asserts that an order is void, this argument confers upon the party a right of immediate review of an interlocutory order. Similarly, County contends that in *In re Officials of Kill Devil Hills Police Dep't*, __ N.C. App. __, 733 S.E.2d 582 (2012), this Court "vacat[ed an] interlocutory order . . . without requiring the order to have been final." However, as discussed above, an "interlocutory order is

---

[2] If an interlocutory appeal were subject to immediate review whenever an appellant asserted that the interlocutory order was "void," this exception would be likely to swallow the rule.

one made during the pendency of an action[.]" *Veazey*, 231 N.C. at 362, 57 S.E.2d at 381. In *Kill Devil Hills*, the trial court had entered an order *sua sponte*, although there <u>was no case</u> before it. Therefore, the order was not "interlocutory" because there was no action during the "pendency" of which an order could be entered. County has also quoted selected excerpts from a number of other cases, discussing the general nature of a void order. None of the cited cases suggest that an immediate appeal lies from an interlocutory order based on the fact that the appellant has contended the challenged order was void. Moreover, we have previously dismissed interlocutory appeals in which the appellant argued that the trial court's order was void. *See Johnson v. Lucas*, 168 N.C. App. 515, 517, 608 S.E.2d 336, 338 (noting that the appellant had raised several issues, including whether "the prior judgment was void" but holding that "in light of our conclusion that this appeal should be dismissed as interlocutory, we do not reach any of the remaining issues"), *aff'd per curium*, 360 N.C. 53, 619 S.E.2d 502 (2005), and *Rivenbark v. Southmark Corp.*, 93 N.C. App. 414, 378 S.E.2d 196 (1989) (dismissing the plaintiff's first appeal as interlocutory and later holding, after final judgment was entered, that the challenged order was void).

The issue before us is <u>not</u> whether County is correct that Commission lacked subject matter jurisdiction and thus entered

void orders, or whether Taxpayers are correct that Commission had authority to enter the challenged orders under N.C. Gen. Stat. § 105-345(c). Nor does the resolution of this case depend upon the extent of this Court's "inherent authority to set aside void orders," the right to collaterally attack a void order, or the legal effect of the determination that an order is void. Rather, the question is whether the validity of Commission's orders – which are clearly interlocutory – is properly before us at this time. We hold that County has attempted to appeal from interlocutory orders that are not subject to immediate review, that the "substantial right" exception is not applicable to an appeal from Commission, and that County's argument that Commission's orders are void for lack of subject matter jurisdiction does not confer a right of immediate appeal on County.

This appeal must be dismissed.

DISMISSED.

Judges McGEE and ERVIN concur.