An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-472

NORTH CAROLINA COURT OF APPEALS

Filed: 15 July 2014

STATE OF NORTH CAROLINA

|  |  |
|---|---|
| | Wilkes County |
| v. | Nos. 11 CRS 50057-61, 50065-67, |
| | 50499-506, 1078-1084 |

JOHN DERRICK MCCULLOCH

Appeal by defendant from judgments entered 16 November 2012 by Judge R. Stuart Albright in Wilkes County Superior Court. Heard in the Court of Appeals 10 October 2013.

> *Attorney General Roy Cooper, by Assistant Attorney General Tiffany Y. Lucas, for the State.*

> *Gerding Blass, PLLC, by Danielle Blass, for Defendant.*

ERVIN, Judge.

Defendant John Derrick McCulloch appeals from judgments revoking his probation and activating his suspended sentences based on a determination that he had willfully violated the terms and conditions of his probation without lawful excuse. On appeal, Defendant argues that the trial court lacked the authority to revoke his probation in certain cases on the grounds that the jurisdictional prerequisites for taking that action had not been satisfied. After careful consideration of

Defendant's challenge to the trial court's judgments in light of the record and the applicable law, we conclude that the trial court's judgments should remain undisturbed.

## I. Factual Background

### A. Wilkes County Judgments

On 7 January 2011, warrants for arrest were issued charging Defendant with eleven counts of identity theft and six counts of attempted identity theft. On 17 February 2011, warrants for arrest charging Defendant with five counts of felonious breaking or entering, one count of larceny of a firearm, three counts of felonious larceny, and two counts of injury to real property were issued. On 21 September 2011, informations charging Defendant with eight counts of conspiracy to commit identity theft, two counts of attempted identity theft, five counts of felonious breaking or entering, one count of larceny of a firearm, two counts of injury to real property, and four counts of felonious larceny were executed and subsequently placed in the relevant court files. On the same date, Defendant entered pleas of guilty to eight counts of conspiracy to commit identity theft, two counts of attempted identity theft, five counts of felonious breaking and entering, one count of larceny of a firearm, four counts of felonious larceny, and two counts of injury to real property pursuant to a plea agreement which

provided that, in return for Defendant's guilty pleas, the State would voluntarily dismiss nine counts of identity theft, three counts of attempted identity theft, and one count of driving while license revoked and that Defendant would receive ten consecutive suspended sentences, be placed on intensive probation, and make restitution to the victims of his conduct in an amount to be determined at a later time. After accepting Defendant's guilty pleas, Judge Jeanie R. Houston entered judgments that, when viewed in their entirety, sentenced Defendant to ten consecutive terms of 9 to 11 months imprisonment that were each suspended for 36 months on the condition that Defendant pay the costs, a $250.00 fine, $1,716.00 in restitution, and a $937.50 attorney's fee; be placed on intensive probation; and comply with the usual terms and conditions of probation.

## B. Ashe County Judgments

On 27 January 2011, a warrant for arrest charging Defendant with possession of a Schedule II controlled substance and possession of drug paraphernalia was issued. On 28 January 2011, a warrant for arrest charging Defendant with misdemeanor larceny was issued. On 18 February 2011, warrants for arrest charging Defendant with two counts of obtaining property by false pretenses were issued. On 3 March 2011, warrants for

arrest charging Defendant with twelve counts of obtaining property by false pretenses were issued. On 12 June 2011, a warrant for arrest charging Defendant with misdemeanor larceny was issued. On 22 September 2011, Defendant entered no contest pleas to fourteen counts of obtaining property by false pretenses, one count of felonious possession of a Schedule II controlled substance, one count of misdemeanor possession of a Schedule II controlled substance, two counts of misdemeanor larceny, two counts of writing a worthless check, two counts of possession of drug paraphernalia, and two counts of driving while license revoked pursuant to a plea agreement under which the State agreed to voluntarily dismiss nine counts of obtaining property by false pretenses and Defendant would receive seven consecutive suspended sentences, be placed on probation, and pay restitution. Based upon Defendant's no contest pleas, Judge David V. Byrd entered judgments that, viewed in their entirety, sentenced Defendant to seven consecutive terms of 11 to 14 months imprisonment that were each suspended for a period of 36 months on the condition that Defendant pay the costs, $21,156.60 in restitution, and a $1,125.60 attorney's fee; be placed on supervised probation; and comply with the usual terms and

conditions of probation.[1] Defendant's probation in these Ashe County cases was transferred to Wilkes County.

## C. Revocation of Defendant's Probation

On 16 November 2011, Defendant's probation officer filed violation reports requesting revocation of Defendant's probation in the ten Wilkes County and seven Ashe County cases on the grounds that Defendant had willfully failed to abide by his court-ordered curfew requirement, missed multiple appointments with his probation officer, and failed to make required monthly restitution and supervision fee payments. On 14 December 2011, Defendant's probation officer filed addenda to these violation reports alleging that Defendant had committed further violations of the terms and conditions of his probation by failing to abide by his curfew and leaving the jurisdiction of the court without permission.

A hearing concerning the allegations advanced in these violation reports was held before the trial court in Wilkes County Superior Court on 16 November 2012. At that hearing, Defendant admitted that he had willfully and without lawful

---

[1] In six of the seven Ashe County judgments, the only conviction upon which Defendant's sentence was based was for obtaining property by false pretenses. However, in the seventh Ashe County judgment, Judge Byrd consolidated nine convictions for obtaining property by false pretenses, two counts of misdemeanor larceny, one count of possession of drug paraphernalia, and one count of driving while license revoked for judgment before imposing sentence.

excuse violated the terms and conditions of his probation and requested that he either be allowed to continue on probation, or in the alternative, that the Wilkes County sentences be served concurrently with the Ashe County sentences, with this request being predicated on the theory that the two groups of cases were connected. Defendant's mother, Linda McCulloch, who was the alleged victim in certain of the underlying cases, attributed Defendant's unlawful conduct and failures to comply with the terms and conditions of his probation to problems stemming from drug addiction and requested the trial court to be lenient. At the conclusion of the revocation hearing, the trial court stated that, even though Defendant "ha[d] been given chance after chance after chance after chance," he had violated the terms and conditions of his probation when "the ink [was] not even dry on the judgment" and that the probationary process "didn't work for [Defendant] at all." As a result, the trial court entered judgments finding that Defendant had wilfully violated the terms and conditions of his probation without lawful excuse and had absconded, that his probation should be revoked, and that each of his seventeen suspended sentences should be activated and served consecutively. Defendant noted an appeal to this Court from the trial court's judgments.[2]

---

[2]Although this Court filed an opinion reversing the

## II. Substantive Legal Analysis

In his sole challenge to the trial court's judgments, Defendant contends that the trial court lacked the authority to revoke his probation and activate his suspended sentences in the Ashe County cases.[3] More specifically, Defendant contends that the trial court lacked jurisdiction over the subject matter of the Ashe County cases as a result of the fact that the prerequisites for the revocation of a defendant's probation set out in N.C. Gen. Stat. § 7A-271(e) had not been satisfied. Defendant is not entitled to relief on the basis of this contention.

A judgment entered by a court which lacks jurisdiction is void. *Stroupe v. Stroupe*, 301 N.C. 656, 661, 273 S.E.2d 434, 438 (1981). As a result of the fact that "the issue of a court's jurisdiction over a matter may be raised at any time, even for the first time on appeal or by a court *sua sponte*, *State v. Webber*, 190 N.C. App. 649, 650, 660 S.E.2d 621, 622

revocation of Defendant's probation and the activation of Defendant's suspended sentences in the Ashe County cases on 18 March 2014, we withdrew our initial opinion on 3 April 2014 in light of the filing of a motion questioning the factual basis for our initial decision. The present opinion is intended to be a substitute for our earlier decision, which should be deemed to be void and of no effect.

[3]As a result of the fact that Defendant has not challenged the validity of the trial court's decision to revoke his probation and activate his suspended sentences in the Wilkes County cases in his brief, the trial court's decision in the Wilkes County cases is not properly before us for review.

(2008), the fact that Defendant failed to challenge the court's jurisdiction over the subject matter of a particular proceeding before the trial court does not ordinarily stand as a bar to the assertion of that jurisdictional challenge on appeal. However, despite the fact that "[a void judgment] neither binds nor bars any one," so that "all proceedings founded upon it are worthless," *In re T.R.P.*, 360 N.C. 588, 590, 636 S.E.2d 787, 790 (2006) (quotations omitted), "a defendant may not challenge the jurisdiction over the original conviction in an appeal from an order revoking his probation and activating his sentence" on the grounds that such an assertion constitutes an impermissible collateral attack on the underlying conviction. *State v. Pennell*, __ N.C. __, __, __ S.E.2d __, __ (2014). As a result, while Defendant is entitled to attack the trial court's jurisdiction to revoke his probation on appeal without having raised that issue in the trial court, he is not entitled to challenge the extent to which the sentencing court had the authority to impose the underlying probationary judgments by means of an appeal taken from the revocation of his probation.

According to N.C. Gen. Stat. § 7A-271(e):

> The superior court has exclusive jurisdiction over all hearings held pursuant to [N.C. Gen. Stat. §] 15A-1345(e) where the district court had accepted a defendant's plea of guilty or no contest to a felony under the provisions of [N.C. Gen. Stat. §]

> 7A-272(c), except that the district court shall have jurisdiction to hear these matters with the consent of the State and the defendant.

As a result of the fact that N.C. Gen. Stat. § 15A-1345(e) governs the conduct of proceedings convened to address allegations that a convicted criminal defendant's probation should be revoked and the fact that N.C. Gen. Stat. § 7A-272(c) allows pleas of guilty or no contest to Class H and Class I felonies to be entered and addressed in the District Court Division of the General Court of Justice in certain circumstances, the obvious effect of N.C. Gen. Stat. § 7A-271(e) is to give the Superior Court Division of the General Court of Justice exclusive jurisdiction over probation revocation hearings arising from cases in which the District Court accepted a defendant's plea of guilty or no contest pursuant to N.C. Gen. Stat. § 7A-272(c).

N.C. Gen. Stat. § 7A-272(c) provides that:

> With the consent of the presiding district court judge, the prosecutor, and the defendant, the district court has jurisdiction to accept a defendant's plea of guilty or no contest to a Class H or I felony if:
>
> (1) The defendant is charged with a felony in an information filed pursuant to [N.C. Gen. Stat. §] 15A-644.1, the felony is pending in district court, and the defendant has not been indicted for the offense; or

(2) The defendant has been indicted for a criminal offense but the defendant's case is transferred from superior court to district court pursuant to [N.C. Gen. Stat. §] 15A-1029.1.

Similarly, N.C. Gen. Stat. § 15A-644.1 provides that "[a] defendant who pleads guilty or no contest in district court pursuant to [N.C. Gen. Stat. §] 7A-272(c)(1) shall enter that plea to an information complying with [N.C. Gen. Stat. §] 15A-644(b),[4] except it shall contain the name of the district court in which it is filed." As a result, when read in conjunction with N.C. Gen. Stat. § 15A-644.1, N.C. Gen. Stat. § 7A-272(c) authorizes the acceptance of a plea of guilty or no contest to the commission of a felony offense in the District Court in the event that the defendant's case is still pending in the District Court and an information alleging the commission of the felony offense is filed or the charges against the defendant have been transferred from the Superior Court back to the District Court pursuant to N.C. Gen. Stat. § 15A-1029.1.

The essential argument advanced in Defendant's brief is that compliance with N.C. Gen. Stat. § 7A-272(c) is a necessary

---

[4]N.C. Gen. Stat. § 15A-644(b) provides that "[a]n information must contain everything required of an indictment . . . except that the accusation is that of the prosecutor and the provisions of [N.C. Gen. Stat. § 15A-644](a)(5) do not apply," with the information being required to "contain or have attached the waiver of indictment pursuant to [N.C. Gen. Stat. §] 15A-642(c)."

prerequisite for the invocation of the trial court's jurisdiction to revoke a defendant's probation pursuant to N.C. Gen. Stat. § 271(e). In other words, Defendant contends that the Superior Court lacks jurisdiction to revoke a defendant's probation pursuant to N.C. Gen. Stat. § 7A-271(e) unless the original probationary judgments were imposed in compliance with the provisions of N.C. Gen. Stat. § 7A-272(c). Based upon that logic, Defendant further contends that the fact that the felonies to which he pled no contest in Ashe County were charged by warrants for arrest rather than by informations deprived the Ashe County District Court of the authority to accept Defendant's no contest pleas and, by extension, deprived the trial court of jurisdiction to revoke his probation in the Ashe County cases.

Although Defendant asserts that the argument that he has advanced on appeal constitutes a challenge to the trial court's jurisdiction to revoke his probation and activate his suspended sentences in the Ashe County cases rather than to the validity of the underlying probationary judgments, we do not find this logic persuasive. Reduced to its essence, Defendant's argument rests on the assertion that the District Court lacked the jurisdiction to impose the original probationary judgments in the Ashe County cases given the absence of valid informations

charging Defendant with the offenses to which he pled no contest from the file in the Ashe County cases. In other words, Defendant's argument inherently rests upon a challenge to the District Court's jurisdiction to impose the original probationary judgment, which is exactly the type of argument that *Pennell* precludes us from considering in connection with an appeal from an order revoking a convicted criminal defendant's probation and activating his suspended sentence. As a result, given that we lack the authority to entertain the only challenge that Defendant has advanced in opposition to the trial court's probation revocation orders, we have no choice except to affirm the revocation of Defendant's probation and the activation of his suspended sentences.[5]

## III. Conclusion

Thus, for the reasons set forth above, we conclude that Defendant's challenge to the trial court's judgments is not properly before this Court. As a result, the trial court's judgments should, and hereby do, remain undisturbed.[6]

---

[5]Consistently with the Supreme Court's holding in *Pennell*, our decision in this case should not be understood as prejudicing Defendant's right to seek relief from the sentences imposed in the Ashe County cases through the use of other procedural mechanisms such as the filing of a motion for appropriate relief or a petition for the issuance of a writ of habeas corpus. *Pennell*, __ N.C. at __, __ S.E.2d at __.

AFFIRMED.

Judges ROBERT N. HUNTER, JR., and DAVIS concur.

Report per Rule 30(e).

---

[6]In light of our decision that we lack the authority to entertain Defendant's challenge to the revocation of his probation and the activation of his suspended sentences in the Ashe County cases, we need not decide the remaining motions that are currently pending in this case and deny them on mootness grounds.